21965

In the Matter of Joy S. GOODWIN and W. Gaston Fairey, Appellants.

In the Contempt Matter of Joy S. GOODWIN and W. Gaston Fairey, Appellants.

In re STATE of South Carolina, Respondent,
v.
Louis COVINGTON, Defendant.

In the Matter of The BOARD OF DIRECTORS OF the DEFENDER CORPORATION OF RICHLAND COUNTY, An Eleemosynary Corporation Under the Laws of South Carolina, John Gregg McMaster (Chairman), Dallas D. Ball, Barry B. George, Terrell L. Glenn, Harold W. Jacobs, Lincoln W. Kirkland, T. Travis Medlock, Henry C. Nelson, Jr., John M. Young, Public Defender, W. Gaston Fairey, Carol Conner Murphy, Joy S. Goodwin, Garland P. McWhirter, Venable Vermont, Jr., Thomas J. Quinn, Martha B. Discus, and David G. Belser, Appellants.

(305 S. E. (2d) 578)

*Jack B. Swerling* and *Kenneth M. Suggs*, Columbia, *for appellants.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

July 26, 1983.

NESS, Justice:

This case requires us to determine the appropriate course of conduct for an attorney who discovers his client, the defendant in a criminal case, intends to commit perjury.

Appellant Goodwin, an attorney employed by the Richland County Defender Corporation, was appointed to represent Louis Covington in a criminal trial. Appellant Fairey was to assist Ms. Goodwin in conducting the defense. During the course of the trial, Ms. Goodwin became aware that Covington intended to take the stand and present perjurious testimony. Immediately upon learning of Covington's plan, Ms. Goodwin moved to be relieved of her duties as counsel.

The trial judge held an *in camera* hearing to determine the validity of Ms. Goodwin's motion. At this hearing, Covington refused to waive his attorney-client privilege to allow Ms. Goodwin to disclose the conflict. However, Ms. Goodwin informed the court her continued representation of Covington would result in violation of DR2-110(B)(2) and DR7-102(A). The trial judge denied Ms. Goodwin's motion to withdraw and ordered her to proceed with the trial. Ms. Goodwin refused, and the trial judge then ordered Mr. Fairey to proceed with the trial. Mr. Fairey also refused to go forward, on the same grounds as Ms. Goodwin.

In another hearing, the trial judge held Ms. Goodwin and Mr. Fairey in contempt of court for disobeying his order to proceed, but significantly, imposed no sanctions. Additionally, the trial judge enjoined the Richland County Defender Corporation from paying salaries to any of its attorney employees. We affirm in part and reverse in part.

The first issue is whether the trial judge erred in ordering Ms. Goodwin and Mr. Fairey to continue to represent Covington, and in holding them in contempt for refusing. We find no error.

While an attorney has an ethical duty not to perpetrate a fraud upon the court by knowingly presenting perjured testimony, the defendant has a constitutional right to representation by counsel. *Gideon v. Wainwright*, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. (2d) 799 (1963). Had the trial judge allowed the withdrawal, any new attorney he appointed would, if faced with the same conflict, have moved to withdraw, potentially resulting in a perpetual cycle of eleventh-hour motions to withdraw. Worse, new counsel might fail to recognize the problem and unwittingly present false evidence.

Since counsel cannot violate the attorney-client privilege to disclose the specific conflict, motions to withdraw must lie within the sound discretion of the trial judge. In making the decision, the trial court must balance the need for the orderly administration of justice with the fact that an irreconcilable conflict exists between counsel and accused. The court should consider the timing of the motion, the inconvenience to the witnesses, the period of time elapsed between the date of the alleged offense and the trial, and the possibility that any new counsel will be confronted with the same conflict. *See People v. Schultheis,* 638 P. (2d) 8 (Colo. 1981). Absent clear abuse of discretion, we will not disturb the trial judge's ruling.

A procedure for handling this conflict has been suggested in ABA, Standards Relating to the Defense Function, § 7.7. Under these standards, the defendant who intends to commit perjury may take the stand and deliver his statement in narrative form, the lawyer does not examine the defendant or use the false testimony in his closing argument. With an acute awareness that any practice we endorse will draw criticism, we approve this procedure as an acceptable method of balancing the conflicting interests, as it allows the lawyer to refrain from actively participating in the presentation of the false testimony while affording the defendant the assistance of counsel.

The record reveals Ms. Goodwin and Mr. Fairey were aware of this procedure at the time of trial, but rejected it because they felt it denied the defendant the *effective* assistance of counsel. We think the deprivation of counsel occasioned by this practice is substantially less prejudicial to the defendant than complete abandonment in mid-trial. Moreover, the defendant's right to counsel does not include the right to insist that counsel assist him in presenting fraudulent testimony. *See State v. North Carolina v. Robinson,* 290 N. C. 56, 224 S. E. (2d) 174 (1976); *People v. Schultheis, supra.*

We sympathize with the appellants' position, and are convinced they were sincere in their representations to the court. Nevertheless, Circuit Court Rule 7 provides that an attorney may not withdraw except by order of the circuit judge. In violation of this rule and the judge's specific order directing them to proceed, the appellants refused to continue with the trial. We agree with the trial judge ap-

pellants were in contempt of court; we further agree, this being an issue of novel impression, no sanctions were warranted.

Finally, the Board of Directors of the Richland County Defender Corporation appeals contending the trial judge erred in enjoining it from paying salaries to any of its attorney employees.

We find no evidence in the record that the Board was given notice that any action might be taken against it.

Moreover, the manner of establishing the Defender Corporation was prescribed by the legislature, with regulatory authority vested in this Court. S. C. Code Ann. § 17-3-110 (1976). We think the trial judge lacked authority to interfere with the operation of the Defender Corporation. The State conceded error at oral argument; accordingly, we reverse that portion of the order.

Affirmed in part; reversed in part.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.