579 S.E.2d 605

Ray H. CHEWNING, Jr., Respondent,

v.

FORD MOTOR COMPANY, David J. Bickerstaff, and David J. Bickerstaff and Associates, Inc., Defendants,

of whom Ford Motor Company is Petitioner.

No. 25627.

Supreme Court of South Carolina.

Heard Feb. 20, 2003.
Decided April 14, 2003.

Joel H. Smith and Susan M. Glenn of Nelson Mullins Riley & Scarborough, L.L.P., of Columbia; and Paul F. Hultin and Edward C. Stewart, of Wheeler Trigg & Kennedy, of Denver, CO, for petitioner.

A. Camden Lewis, Mark W. Hardee, and Ariail E. King, of Lewis, Babcock, & Hawkins, of Columbia, for respondent.

Justice BURNETT:

We granted a writ of certiorari to review the decision of the Court of Appeals which reversed a lower court order dismissing an action for "fraud upon the court" and an "independent action in equity for fraud" pursuant to Rule 12(b)(6), SCRCP.

*Chewning v. Ford Motor Co.*, 346 S.C. 28, 550 S.E.2d 584 (Ct.App.2001). We affirm.

## FACTS

In 1992, Respondent, Ray H. Chewning, Jr., (Chewning) brought a products liability action against Respondent Ford Motor Company (Ford). He alleged that defects in his Ford Bronco II caused a rollover accident in which he sustained personal injuries. After a trial in 1993, the jury returned a verdict in Ford's favor.

In 1998, Chewning filed this action in state court against Ford, its expert witness, David J. Bickerstaff, and David J. Bickerstaff and Associates, Inc., asserting various causes of action. In essence, Chewning alleged Bickerstaff committed perjury during his 1993 trial and Ford concealed documents from him during the course of discovery.

Ford removed the action to federal court. The federal court granted Ford's motion to dismiss all claims, except for Chewning's cause of action for fraud upon the court. The federal court remanded the fraud upon the court claim "and such other related claims in equity, if any, as the state court may allow to be added by amendment." *Chewning v. Ford Motor Co.*, 35 F.Supp.2d 487, 492 (D.S.C.1998).

Chewning refiled his case in state court asserting causes of action for fraud upon the court and an independent action in equity for fraud. In his amended complaint, Chewning alleged Ford's attorneys hired Bickerstaff to testify falsely on Ford's behalf in various Bronco II actions.[1] In addition, Chewning alleged Ford's attorneys withheld critical documents during discovery. Chewning asserted the judgment in his original action should be vacated as a result of the defendants' activities.

Concluding Chewning's complaint was untimely and asserted allegations of intrinsic fraud which could not be used to set aside the earlier verdict, the trial judge dismissed the complaint pursuant to Rule 12(b)(6), SCRCP. In addition, the trial judge determined Chewning's amended complaint failed

---

1. Ford's present attorneys did not represent Ford during the underlying litigation.

to allege fraud with particularity as required by Rule 9(b), SCRCP, as it "does not identify any allegedly perjured testimony by Bickerstaff in the underlying products liability trial, only subsequent cases after Chewning's." Chewning appealed.

The Court of Appeals reversed. *Chewning v. Ford Motor Co., supra.* It held Chewning's claim was timely and, further, the complaint sufficiently stated a claim for fraud upon the court. *Id.*

## ISSUES

I. Did the Court of Appeals err by holding the subornation of perjury and concealing of documents by an attorney during the course of litigation may constitute fraud upon the court?

II. Did the Court of Appeals err by finding Chewning's complaint alleged fraud upon the court with sufficient particularity?

## DISCUSSION

### I.

Ford contends the Court of Appeals erred by holding the subornation of perjury and concealing of documents by an attorney during litigation constitutes fraud upon the court.[2] It contends these actions constitute intrinsic, rather than extrinsic, fraud and, therefore can not form the basis of Chewning's claim for fraud upon the court. We disagree.

### Fraud Upon the Court

Our Court has not previously defined fraud upon the court in connection with setting aside a final judgment.[3] In *Evans*

---

**2.** Chewning's amended complaint alleged two claims against the defendants: fraud upon the court and an independent action in equity for fraud. The trial judge dismissed both causes of action. Chewning appealed the dismissal of his fraud upon the court cause of action; this was the only cause of action addressed by the Court of Appeals. *Chewning v. Ford Motor Co., supra.*

**3.** In *Davis v. Davis,* 236 S.C. 277, 113 S.E.2d 819 (1960), the Court considered the effect of an attorney's statement to the lower court

*v. Gunter,* 294 S.C. 525, 529, 366 S.E.2d 44, 46 (Ct.App.1988), the Court of Appeals noted one commentator described "fraud upon the court" as "that species of fraud which does, or attempts to, subvert the integrity of the Court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." (*citing* H. Lightsey, J. Flanagan, *South Carolina Civil Procedure,* 408 (2nd ed.1985).

> Other jurisdictions describe fraud upon the court as follows: Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir.1978) *citing United States v. Int'l Telephone & Telegraph Corp.,* 349 F.Supp. 22, 29 (D.Conn.1972) (internal citations omitted).

■ Fraud upon the court is a "serious allegation ... involving 'corruption of the judicial process itself.' " *Cleveland Demolition Co., Inc. v. Azcon Scrap Corp., supra* 827 F.2d at 986 *quoting In re Whitney–Forbes,* 770 F.2d 692, 698 (7th Cir.1985).

> ... '[F]raud on the court,' whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court. A proper balance between the interests of finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing—what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate.... Thus, when there is no intent to deceive, the fact that misrepresentations were made to a court is not of itself

---

during a divorce action. The Court determined that, by representing to the court that a party was in default when she was not, "[t]his reasonably may be held to have been extrinsic fraud upon her and upon the court" and vacated a prior judgment as a result. *Id.* S.C. at 281, 113 S.E.2d at 821 (1960). The Court noted the attorney's representation was a "bona fide mistake" and, "therefore, constructive, rather than actual, fraud." *Id.* at 281, 113 S.E.2d at 821–22.

sufficient basis for setting aside a judgment for 'fraud on the court.'

*United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir.2002) *quoting Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir.1995).

*Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), is the United States Supreme Court's leading "fraud upon the court" decision. In that decision, an attorney for Hartford drafted an article in support of a particular glass manufacturing process, had an officer of the glass-workers' union sign the article as its author, and then had the article published in a trade journal. The article was included in support of Hartford's controversial patent application. The patent was granted. Hartford then initiated a patent infringement suit against Hazel–Glass. In finding Hazel–Glass had infringed upon Hartford's patent, the Third Circuit Court of Appeals relied on the article. Ultimately, the true identity of the author was discovered. In upholding Hazel–Glass' suit, the USSC Court emphasized:

This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed to have been guilty of perjury. Here, ... we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals.... This matter does not concern only private parties. There are issues of great moment to the public in a patent suit. Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

*Id.* U.S. at 245–46, 64 S.Ct. 997 (internal citations omitted).

### Intrinsic/Extrinsic Fraud

■ In considering collateral attacks on final judgments, a court must balance the interest of finality against the need to

provide a fair and just resolution of the dispute. *See Hagy v. Pruitt*, 339 S.C. 425, 529 S.E.2d 714 (2000). In most circumstances, there is a time limitation upon a party who seeks to reopen a final judgment. Rule 60(b), SCRCP, provides, in part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken ... *This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment order, or proceeding, or to set aside a judgment for fraud upon the court.*

(Underline added).

 There is no statute of limitations when a party seeks to set aside a judgment due to fraud upon the court. Rule 60(b), SCRCP; *see Hagy v. Pruitt, supra* (court has the inherent authority to set aside a judgment on the ground of extrinsic fraud in spite of any facially applicable statute of limitations). In order to secure equitable relief on the basis of fraud, the fraud must be extrinsic. *Bryan v. Bryan*, 220 S.C. 164, 66 S.E.2d 609 (1951). (extrinsic fraud is necessary in order to secure equitable relief vacating a prior judgment).

■ Extrinsic fraud is "fraud that induces a person not to present a case or deprives a person of the opportunity to be heard. Relief is granted for extrinsic fraud on the theory that because the fraud prevented a party from fully exhibiting and trying his case, there has never been a real contest before the court on the subject matter of the action." *Hilton Head Ctr. of South Carolina v. Public Serv. Comm'n,* 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987).

■ Intrinsic fraud, on the other hand, is fraud which was presented and considered in the trial. *Hagy v. Pruitt,* 339 S.C. 425, 529 S.E.2d 714 (2000). It is fraud which misleads a court in determining issues and induces the court to find for the party perpetrating the fraud. *Hilton Head Ctr. v. South Carolina Pub. Serv. Comm'n, supra.*

■ Perjury by a party or a witness is intrinsic fraud. *Rycroft v. Tanguay,* 279 S.C. 76, 302 S.E.2d 327 (1983). "[O]rdinarily there is no ground for equitable interference with a judgment in the fact that perjury or false swearing was committed by such party or his witnesses at trial, at least where the perjurious or false evidence was not accompanied by any extrinsic or collateral fraud, and related to issues or matters which were or could have been considered in the original cause." *Bryan v. Bryan, supra* 220 S.C. at 168, 66 S.E.2d at 610. In addition, the failure to disclose to an adversary or court matters which would defeat one's own claim is intrinsic fraud. *Hilton Head Ctr. of South Carolina, Inc. v. Pub. Serv. Comm'n, supra.*[4]

---

4. Like South Carolina, federal courts recognize that perjury or use of a fraudulent document, without more, does not constitute fraud on the court. *See United States v. Throckmorton,* 98 U.S. (8 Otto) 61, 66, 25 L.Ed. 93 (1878) ("... the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence...."); *Geo. P. Reintjes Co. v. Riley Stoker Corp.,* 71 F.3d 44, 49 (1st Cir.1995) ("... perjury alone, absent allegation of involvement by an officer of the court ... has never been sufficient [to constitute fraud upon the court justifying collateral attack]") (citing numerous cases); *Great Coastal Express v. Int'l Bhd. of Teamsters,* 675 F.2d 1349, 1357 (4th Cir.1982) ("... courts confronting the issue have consistently held that perjury or fabricated evidence are not grounds for relief as 'fraud on the court'.") (citing numerous additional cases).

> Equitable relief from a judgment is denied in cases of intrinsic fraud, on the theory that an issue which has been tried and passed upon in the original action should not be retried in an action for equitable relief against the judgment, and that otherwise litigation would be interminable; relief is granted for extrinsic fraud on the theory that by reason of the fraud preventing a party from fully exhibiting and trying his case, there never has been a real contest before the court of the subject matter of the action.

*Bryan v. Bryan, supra* S.C. at 168, S.E.2d at 610.

██ "Relief is granted for extrinsic but not intrinsic fraud on the theory that the latter deceptions should be discovered during the litigation itself, and to permit such relief undermines the stability of all judgments." *Mr. G. v. Mrs. G.,* 320 S.C. 305, 308, 465 S.E.2d 101, 103 (Ct.App.1995).

██ Ford claims the subornation of perjury by an attorney and/or the intentional concealment of documents by an attorney do not constitute extrinsic fraud because they do not defeat the opposing party's opportunity to litigate the matter. Ford further asserts, because perjury and discovery abuse should be ferreted out during the course of litigation, disappointed parties should not be permitted to reopen final judgments on this basis. We disagree.

██ The subornation of perjury by an attorney and/or the intentional concealment of documents by an attorney are actions which constitute extrinsic fraud. Contrary to perjury by a witness or a party's failure to disclose requested materials, conduct which constitutes intrinsic fraud, where an attorney—an officer of the court—suborns perjury or intentionally conceals documents, he or she effectively precludes the opposing party from having his day in court.[5] These actions by an attorney constitute extrinsic fraud.[6] Moreover, we note that,

---

**5.** *See In the Matter of Goodwin,* 279 S.C. 274, 305 S.E.2d 578 (1983) (attorney has an ethical duty not to perpetrate a fraud upon the court by knowingly presenting perjured testimony).

**6.** In *Bankers Trust Co. v. Braten,* 317 S.C. 547, 455 S.E.2d 199 (Ct.App. 1995), the Court of Appeals declined to find extrinsic fraud where it was alleged an attorney had perpetrated fraud upon two courts in earlier litigation. The Court of Appeals noted the defending party was aware

while their analysis does not turn on the categorization of fraud as intrinsic or extrinsic, numerous jurisdictions hold an attorney's subornation of perjury and/or the intentional concealment of documents constitute fraud upon the court. *See Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072 (2d Cir.1972) (institution of action by attorney who knew that there was complete defense to action might be fraud upon the court); *Great Coastal Express, Inc., v. Int'l Brotherhood of Teamsters*, 675 F.2d 1349, 1357 (4th Cir.1982) ("[I]nvolvement of an attorney, as an officer of the court, in a scheme to suborn perjury would certainly be considered fraud on the court."); *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir.1987) ("A verdict may be set aside for fraud on the court if an attorney and a witness have conspired to present perjured testimony."); *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir.1978) (fabrication of evidence where attorney is implicated is fraud upon the court); *H.K. Porter Co. v. Goodyear Tire & Rubber*, 536 F.2d 1115, 1119 (6th Cir.1976) ("Since attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court."); *Dixon v. Comm'n of Internal Revenue*, 2003 WL 1216290 (9th Cir.2003) (fraud on the court occurred where attorneys entered into secret settlement agreements with taxpayers in exchange for false testimony); *Synanon Found., Inc., v. Bernstein*, 503 A.2d 1254 (D.C.1986) (attorney subornation of perjury and false statements to trial court constitute fraud upon the court); *Porcelli v. Joseph Schlitz Brewing Co.*, 78 F.R.D. 499 (E.D.Wis.1978) (noting distinction between perjury involving officers of the court and witness or party); *see* 12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 60–21[4][b] (3d ed.2002).

 Attorney fraud calls into question the integrity of the judiciary and erodes public confidence in the fairness of our

---

of the alleged misrepresentations when they occurred and, in fact, challenged the misrepresentations in one proceeding. Accordingly, the Court of Appeals concluded there was no evidence the alleged fraud prevented the defending party from presenting his case in full.

The Court of Appeals' analysis is consistent with our decision today. A party does not have a claim for extrinsic fraud if he failed to exercise due diligence in discovering the existence of facts or documents during the underlying litigation.

system of justice. Accordingly, where an attorney embarks on a scheme to either suborn perjury or intentionally conceal documents, extrinsic fraud constituting a fraud upon the court occurs.[7]

## II.

Ford contends the Court of Appeals erred by finding Chewning's complaint sufficiently alleged fraud upon the court. Specifically, Ford claims Chewning's amended complaint is fatally deficient because it fails to allege Bickerstaff offered any perjured testimony suborned by Ford's attorneys in Chewning's trial. Furthermore, Ford asserts Bickerstaff offered opinion, rather than fact, testimony and, therefore, his testimony can not form the basis of a fraud claim. We disagree.

In his amended complaint, Chewning alleged Ford, its attorneys, and Bickerstaff had a "secret strategy to deal with the defense" of numerous actions against Ford concerning the design of the Bronco II. Chewning claimed that "Ford's attorneys knowingly purchased and used the false testimony [of Bickerstaff] . . . and concealed this from Plaintiffs." Specifically, Chewning asserted "[Ford] would use the favorable and untruthful testimony of Bickerstaff fraudulently to create evidence that the Bronco II was designed in a safe and reliable manner." Additionally, he averred "Ford and its attorneys would hide and cover up any unfavorable engineering documents characterized as 'critical' and/or field tests [of the Bronco II]."

The amended complaint refers to two specific documents which Chewning alleges were improperly withheld from him during the course of discovery in his underlying action. One of these documents is denominated the "Bickerstaff letter." This letter, dated June 20, 1990, is from Bickerstaff to two of Ford's attorneys. The letter states, in part: "I feel I should be reimbursed my current rate. I would suggest you retain

---

7. We note, because fraud upon the court is an affront to the administration of justice, a litigant who has been defrauded need not establish prejudice. *Hazel–Atlas Glass Co. v. Hartford–Empire Co., supra; Dixon v. Comm'n of Internal Revenue,* 2003 WL 1216290 (9th Cir.2003) (". . . the perpetrator of the fraud [upon the court] should not be allowed to dispute the effectiveness of the fraud after the fact.").

our services to assist you in preparing myself, in Ford's favor, as we discussed per our phone conversation of 6/18/90."

Chewning alleged Bickerstaff had been identified as a fact witness in an earlier Bronco II case (the Rosenbusch case).[8] According to Chewning, Ford's attorneys met with Bickerstaff prior to his July 1990 deposition in that case and agreed to represent him personally. The amended complaint alleges the Bickerstaff letter, which was "not disclose[d] to any attorneys for plaintiffs in any case until years later," is evidence Bickerstaff offered to testify falsely on Ford's behalf in return for substantial sums of money and Ford, through its attorneys, Anderson and Seitz, agreed to pay money, "disguised as payments on purchase orders for 'consulting' work" unrelated to his Bronco II testimony. Chewning alleged Bickerstaff testified falsely in at least thirty Bronco II cases, including his own, and specifically referred to his untruthful testimony in the Cammack and Crenshaw cases. A second document, the "Vehicle Design and Testing Memo," is a memorandum from Ford to the Arizona Proving Ground acknowledging jacking, stability, and design problems with the Bronco II. Part of this memorandum states it was impossible for Ford to develop specific test criteria to assess the Bronco II's adequacy. At trial, however, Ford presented a computer model which established the Bronco II was stable. Chewning asserts, if he had had the Vehicle Design and Testing Memo, he could have attacked the computer model.

Chewning's amended complaint contains sufficient allegations of fraud upon the court. Although it fails to identify any specific portion of Bickerstaff's trial testimony as perjurious, the amended complaint alleges Ford's attorneys hired Bickerstaff to testify falsely during numerous Bronco II trials.[9] Under this allegation, most all of Bickerstaff's testimony—

---

8. By way of background, the amended complaint explains Bickerstaff was an engineer for Ford who worked on the design and testing of the Ford Bronco II; it alleges he was critical of the Bronco II's stability, became "disaffected," and left Ford prior to the production of the first Bronco II.

9. Furthermore, whether Bickerstaff's June 20, 1990, letter supports Chewning's claim that Ford's attorneys hired him to testify falsely does not go to the sufficiency of the complaint, but to the sufficiency of the evidence.

including that presented at Chewning's trial—was perjurious. Moreover, assuming Bickerstaff testified as an expert for Ford and gave his opinion on the stability of the Bronco II, his testimony would nonetheless be untruthful if he was hired to testify falsely for Ford. Contrary to Ford's claims, if Ford's attorneys hired Bickerstaff to testify falsely and knowingly withheld critical documents in Bronco II trials, including Chewning's trial, Chewning would have been prevented from fully exhibiting and presenting his case. The attorneys' misconduct would constitute extrinsic fraud. If proven by clear and convincing evidence, the attorneys' actions would constitute fraud upon the court. The Court of Appeals properly found Chewning's amended complaint sufficiently stated a claim for fraud on the court so as to survive Ford's Rule 12(b)(6) motion to dismiss. *Toussaint v. Ham, supra* (Rule 12(b)(6) motion may not be sustained if facts alleged and reasonable inferences would entitle the plaintiff to any relief on any theory of the case).

## CONCLUSION

We recognize that important benefits are achieved by the preservation of final judgments. This opinion, with its unique facts, in no way alters the Court's longstanding policy towards final judgments. Again, any claim of fraud upon the court must be accompanied by particularized allegations. Claims which are not made in good faith are subject to sanction pursuant to Rule 11, SCRCP.

The remaining issue is affirmed pursuant to Rule 220, SCACR and the following authorities: *Id.*, 292 S.C. 415, 357 S.E.2d 8 (1987) (Rule 12(b)(6) motion may not be sustained if facts alleged and inferences reasonably deducible therefrom would entitle plaintiff to any relief on any theory of the case); *Williams v. Condon*, 347 S.C. 227, 553 S.E.2d 496 (Ct.App. 2001) (in review of motion to dismiss pursuant to Rule 12(b)(6) appellate court applies the same standard of review implemented by the trial court).

The Court of Appeals' decision is **AFFIRMED.**

TOAL, C.J., MOORE and WALLER, JJ., and Acting Justice JOHN W. KITTREDGE, concur.