THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The Chase Manhattan Bank, successor by merger to Chase Bank of Texas
N.A. f/k/a Texas Commerce Bank N.A., as Custodian, Respondent,
v.
Renee C. Bailey, Commercial Credit Corporation, S.C. Electric and Gas Co., and Inga Sander,
Defendants,
of whom Renee C. Bailey is Appellant.
 
 
 

Appeal From Dorchester County
Patrick R. Watts, Circuit Court Judge

Unpublished Opinion No. 2005-UP-591
Submitted November 1, 2005  Filed November 21, 2005

AFFIRMED

 
 
 
A. Christopher Potts, of Charleston, for Appellant.
John J. Hearn, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Renee C. Bailey appeals the trial courts denial of her motion to set aside or otherwise grant her relief from a judgment of foreclosure.  We affirm.[1]
FACTS
In January 2001, Chase Manhattan Bank sued Bailey seeking to foreclose on her home in Summerville, South Carolina.  Bailey failed to answer the complaint, and Chase filed an affidavit of default and, in the latter part of April, was granted a default judgment of foreclosure and sale.  In May, Bailey filed a Chapter 13 bankruptcy petition.  Further activity on the foreclosure action was suspended by the automatic stay imposed by the bankruptcy law.  
As a part of her restructuring plan in bankruptcy, Bailey was to continue making regular monthly mortgage payments directly to Chase and, in addition, a smaller payment to the bankruptcy court to apply to arrearages owed Chase.  After failing to make the requisite normal monthly payments, Bailey reached an agreement with Chase in December 2001, which was memorialized in a consent order.  The court-ordered agreement provided that the automatic stay would be reinstated as it applied to the home, and Bailey would be allowed to continue possession of the property on the condition that she pay Chase $6,246.80 in arrearages and continue making regular monthly mortgage payments.  The order further provided that upon failure by Bailey to comply with these conditions, Chase would be allowed to submit an affidavit to that effect, together with a proposed order, and the automatic stay would be terminated without further notice or hearing.  
According to the record, Bailey paid the arrearages and made a monthly mortgage payment in January 2002.  Bailey submitted a payment to Chases loan servicer in February, but that payment was rejected.[2]  Bailey corresponded with the loan servicer explaining that the loan had been reinstated pursuant to the consent order.  Bailey then made a partial payment in March that was rejected, and a payment in April that was rejected due to non-sufficient funds.  Bailey continued to communicate intermittently with the loan servicer over the following months, but made no additional payments.  Chase filed an affidavit of default with the bankruptcy court.  Bailey did not contest the affidavit.[3]  
Bailey then filed a pleading captioned Supplemental Answer and Counterclaims with the circuit court in response to the original foreclosure action in an effort to prevent the public sale.  The trial court granted Chases motion to dismiss the Answer and Counterclaims.  In February 2004, nearly three years after the commencement of the initial foreclosure action, Bailey filed a motion to set aside the default or for other relief from judgment, relying on the procedure allowed by Rule 55(c), SCRCP and Rule 60, SCRCP.  (R. 9).  The trial court denied the motion.  
STANDARD OF REVIEW
A motion to vacate or set aside a default judgment is addressed to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.  Tri-County Ice & Fuel Co. v. Palmetto Ice Co., 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990).  An abuse of discretion arises when the decision of the trial court is controlled by an error of law or where its order is based on factual conclusions that are without evidentiary support.  Id.
LAW/ANALYSIS
Bailey claims the trial court erred in failing to set aside the judgment of foreclosure because events occurring after final judgment was rendered make enforcement of the judgment inequitable.  We disagree.
Rule 60(b)(5), SCRCP, in pertinent part, includes the following provision:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.  On motion and upon such terms as are just, the court may relieve a party or his legal representative from final judgment, order, or proceeding for the following reasons:
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.
The motion shall be made within a reasonable time . . . .

First, we are not convinced that Baileys motion was filed within a reasonable time.  Chase correctly points out that the motion was filed almost three years after entry of the default judgment.  For much of that time the foreclosure action was stayed.  However, when the stay was lifted, instead of filing a motion to set aside default, Bailey filed what purported to be responsive pleadings as if no default existed.  No initial answer had ever been filed in the foreclosure action, making the filing of normal responsive pleadings inappropriate.  Then, six months later, the motion to set aside default was filed, alleging the same facts set forth in the supplemental answer and counterclaims.  During this period Bailey continued to have possession of the home.
Assuming arguendo that Baileys motion was not untimely, her arguments regarding Chases inequitable conduct are unpersuasive.  When considering whether to grant relief from final judgments, a court must balance the interest of finality against the need to provide a fair and just resolution of the dispute.  Chewning v. Ford Motor Co., 354 S.C. 72, 79-80, 579 S.E.2d 605, 609 (2003).  The supreme court in Chewning recognized the longstanding policy toward final judgments and that important benefits are achieved by the preservation of final judgments.  Id. at 86, 579 S.E.2d at 613.  Consequently, the scale is generally tipped in favor of denying relief from a final judgment absent a compelling reason.  
In this case, there is no evidence Chase acted in a manner that would render enforcement of the judgment inequitable under Rule 60(b)(5).  It is undisputed that Bailey defaulted on her mortgage payments prior to the foreclosure action and that she did not make the payments to Chase under the bankruptcy courts initial plan.  Bailey contends, however, that once the December 2001 payment agreement was made she strictly complied with the consent order.  That contention is not supported by the evidence.  The record shows that a March payment was made, but it was only a partial payment.  The record further shows that the April payment was rejected due to non-sufficient funds.  No further payments were remitted by Bailey.  
According to affidavits of Baileys husband and her attorney, a Chase representative, Bobby McGrath, advised Bailey in or about March or April that Bailey could tack any returned or missed payments to the back end of the mortgage.  In August 2002, a mortgage company representative advised Bailey that she should pay all arrearages immediately or the foreclosure would proceed.  Bailey contends that the continuation of this action is inequitable in light of the representation that she could tack the missed payments on the back end of the loan.  However, Bailey neglects to consider that between the time of the conversation with McGrath and the communication in August, she still neglected to make any payments to Chase.
Finally, it appears that Chases attorney proposed a conditional loan modification to Bailey a few days prior to a motion hearing in the case.  The proposal was open for acceptance until the morning of October 14, 2003.  Baileys attorney testified by affidavit that he left a message with Chases attorney accepting the offer on the morning of October 14.  However, there is nothing in the record to indicate Chase received notice of this last-minute acceptance.  Consequently, we cannot conclude it was inequitable for Chase to proceed with a motion hearing scheduled for the following day. 
Based on the evidence before us, we find no abuse of discretion on the part of the trial court.  Accordingly, the ruling of the trial court is
AFFIRMED.
 STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.        
[2]        It appears Baileys loan was assigned to a different loan servicing company during this period of time.  
[3]        Baileys bankruptcy action was subsequently dismissed.