THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Adam S. Roberts, Appellant,
 v.
 Marcia M. Roberts, Respondent.
 
 
 

Appeal From Georgetown County
H. E. Bonnoitt, Jr., Family Court Judge
Unpublished Opinion No. 2008-UP-311
Submitted June 2, 2008  Filed June 18,
 2008
AFFIRMED

 
 
 
 David Hart Breen, of Myrtle Beach, for Appellant.
 Toni Lee Tack Pennington, of Pawleys Island, for Respondent.
 
 
 

PER CURIAM: 
 In this child custody action, Adam S. Roberts (Father) appeals the family
 courts dismissal for lack of jurisdiction.  We affirm.[1]  
FACTS
Father and Marcia M. Roberts (Mother) married on July 29, 2000,
 and separated in 2001.  Child was born April 26, 2001.  Mother and Child moved
 from New York to South Carolina in January 2002.  Father remained in New York, where he was incarcerated for an unspecified period of time.  Father maintained
 regular telephone contact with Child and sent money to support Mother and
 Child.   
Father assisted Mother in purchasing a home on Pawleys Island.  Although the parties remained married, Mother purchased the home in her name
 only, followed by the notation an unmarried woman.  Mother notified Father by
 letter that she and Child had moved from South Carolina to California as of
 June 1, 2006.  
On June 19, 2006, Father filed suit in South Carolina seeking
 divorce, equitable distribution of property, and child custody.  In August, Mother
 filed suit in California seeking the same relief.  The South Carolina family
 court heard Fathers motion for temporary relief on September 12, 2006.  At that
 hearing, Mother argued South Carolina lacked jurisdiction to hear this matter because
 she and Child had moved from South Carolina to California on February 5, 2006.    
The family court found neither party lived in South Carolina at
 the time Father filed suit.  Furthermore, the family court found jurisdiction
 was proper in California and stated even if South Carolina had jurisdiction,
 the family court would waive that jurisdiction to the State of California.  Consequently, the family court dismissed Fathers case for lack of
 jurisdiction.   
On October 18, 2006, Father filed a motion for reconsideration of
 the child custody and visitation issues.  At the hearing on November 28, 2006,
 Father proffered the testimony of Childs teacher, Leslie Lane Whitley, who was
 also the director of the Montessori school Child attended in Pawleys Island.  Whitley testified Child attended her school for at least two years.  Child was
 absent from school for three weeks during February 2006 and for five additional
 days between the end of February and May 12, 2006.  Child did not return to
 school after May 12, 2006.  Whitley further stated Mother had informed her that
 Mother and Child traveled to California in February to assist Mothers
 boyfriend in cleaning out his house and that Mother and Child would relocate to
 California permanently in mid-May 2006.    
On January 18, 2007, the family court entered an order finding a
 dispute existed as to the date Mother and Child relocated to California.  The
 order also denied Fathers motion for reconsideration and required Father to
 pay $500.00 toward Mothers attorneys fees.  This appeal followed.  
STANDARD OF REVIEW
When
 reviewing a decision by the family court, the appellate court has the authority
 to find the facts in accordance with its own view of the preponderance of the
 evidence.  Ex parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649,
 652 (2006).  This broad scope of review does not require the appellate
 court to disregard the findings of the family court.  Wooten v. Wooten,
 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005).  A family court has
 discretion to decline jurisdiction of a child custody matter on the basis of
 inconvenient forum.  Mansour v. Mansour, 296 S.C. 215, 217, 371 S.E.2d
 537, 538 (1998).  An abuse of discretion occurs when the conclusions of the
 family court either lack evidentiary support or are controlled by an error of
 law.  Bryson v. Bryson, 347 S.C. 221, 224, 553 S.E.2d 493, 495 (Ct. App.
 2001).
LAW/ANALYSIS

Initially,
 we note this matter potentially involves South Carolina, California, and
 federal child custody laws.  The timing of this action further complicates the
 interaction of laws, because during the pendency of the appeal, South Carolinas new uniform act governing child custody matters became effective.  
In South Carolina, requests for relief made prior to June 8, 2007, in child custody
 proceedings are governed by the Uniform Child Custody Jurisdiction Act (UCCJA)[2] instead of the more recently enacted Uniform Child Custody Jurisdiction and
 Enforcement Act (UCCJEA).  S.C. Code Ann. § 20-7-6094 (Supp. 2007).  Child
 custody actions in California are governed by the California UCCJEA.  Cal. Fam. Code § 3400 (West 2008).[3]  
All
 motions or requests for relief in this matter were made and ruled upon during
 or before January of 2007.  Accordingly, the South Carolina UCCJA governed the
 family courts decision from which Father appeals.  
I.  Inconvenient
 Forum
Father
 argues the family court abused its discretion by declining jurisdiction because
 South Carolina had the closest connection with Child.  We disagree.  
The
 family court is the proper forum for child custody disputes in South Carolina.  S.C. Code Ann. § 20-7-400 (1985).  However, a South Carolina court may
 decline to exercise jurisdiction if it finds that it is an inconvenient forum
 to make a custody determination under the circumstances of the case and that a
 court of another state is a more appropriate forum.  S.C. Code Ann. §
 20-7-796(a) (1985).  In determining whether South Carolina is an inconvenient
 forum, the family court must examine factors including, but not limited to, the
 following:

 
 
 (1) 
 if another state was recently the childs home 
 state; 
 
 
 
 (2) 
 if another state has a closer connection with the 
 child and his family or with the child and one or more of the 
 contestants; [and]
 
 
 
 (3)
 if substantial evidence concerning the childs 
 present or future care, protection, training and personal 
 relationship [is] more readily available in another state.
 
 

S.C. Code Ann. §
 20-7-796(c).  Under the UCCJA, South Carolina defined home state as the state
 in which the child immediately preceding the time involved lived with . . . a
 parent . . . for at least six consecutive months . . . .  Periods of temporary
 absence of any of the named persons are counted as part of the six-month or
 other period.  S.C. Code Ann. § 20-7-786(5).[4]  
We
 find the family court did not err in finding a California court was the
 appropriate forum for trial of this matter.  The family court had discretion
 under the UCCJA to decline jurisdiction on the basis that South Carolina was an
 inconvenient forum and that another state would be more appropriate.  S.C. Code
 Ann. § 20-7-796(a).  In doing so, the family court weighed several factors and
 found facts favoring trial in California.  The family court found neither the
 parties nor Child lived in South Carolina on or after the date Father filed
 this action, both Mother and Child had become residents of California, and California was the proper jurisdiction for determination of divorce and child custody
 issues.  Furthermore, under its UCCJEA, California could accept jurisdiction
 upon South Carolinas declination thereof.[5] 
 Accordingly, the family court did not abuse its discretion in finding California was a more appropriate jurisdiction for trial of child custody issues in this
 case.  
We disagree
 with the family courts finding that South Carolina lacked subject matter jurisdiction. 
 Nonetheless, because the family court had both the discretion and a factual
 basis to decline jurisdiction, this finding was harmless error.  See Davis v. Davis, 372 S.C. 64, 87, 641 S.E.2d 446, 458 (Ct. App. 2006) (finding
 error is only reversible if material and prejudicial to appellants substantial
 rights).  Both South Carolina law and California law required six months
 residency before a state could become a childs home state.  Under the laws
 of both states, South Carolina was Childs home state when Father filed suit. 
 Mother asserted she and Child moved from South Carolina to California in
 February 2006, four months before Father filed suit.  Father asserted, with the
 support of Mothers letter and Childs teachers testimony, that Mother and
 Child moved from South Carolina in June 2006, just two weeks before Father
 filed suit.  However, when Father filed suit, South Carolina was the only state
 in which Child had lived for six months or more.  Regardless of whether Mother
 moved in February or June, South Carolina did not lose home state
 jurisdiction because of Mothers move to California.  
Therefore,
 the family court erroneously concluded South Carolina lacked jurisdiction. 
 However, this error was harmless, because the family court possessed authority
 to decline jurisdiction in this matter.  The family court correctly concluded
 jurisdiction was proper in California.  
II.  Fraud
Father
 also argues declining jurisdiction was an abuse of discretion because Mother
 removed Child from South Carolina unilaterally and committed fraud on the court
 in an effort to defeat South Carolina jurisdiction.  We disagree.  
South
 Carolina recognizes fraud on the court as that species of fraud which does,
 or attempts to, subvert the integrity of the Court itself, or is a fraud
 perpetrated by officers of the court so that the judicial machinery cannot
 perform in the usual manner its impartial task of adjudging cases that are
 presented for adjudication.  Chewning v. Ford Motor Co., 354 S.C. 72,
 78, 579 S.E.2d 605, 608 (2003) (quoting Evans v. Gunter, 294 S.C. 525,
 529, 366 S.E.2d 44, 46 (Ct. App. 1988)).  To merit vacating a judgment, the
 fraud alleged must be extrinsic.  Id. at 80, 579 S.E.2d at 610 (citing Bryan
 v. Bryan, 220 S.C. 164, 168, 66 S.E.2d 609, 610 (1951)).  The fundamental
 difference between extrinsic fraud and intrinsic fraud is that extrinsic fraud
 denies the opposing party his day in court.  Id. at 82, 579 S.E.2d at
 611.  Extrinsic fraud: 

 [I]nduces
 a person not to present a case or deprives a person of the opportunity to be
 heard.  Relief is granted for extrinsic fraud on the theory that because the
 fraud prevented a party from fully exhibiting and trying his case, there has
 never been a real contest before the court on the subject matter of the action.

Id. at 81, 579 S.E.2d at 610 (quoting Hilton Head Ctr.
 of S.C. v. Public Serv. Commn, 294 S.C. 9, 11, 362 S.E.2d 176, 177
 (1987)).  Extrinsic fraud includes subornation of perjury or intentional
 concealment of documents by an attorney, but not by a witness.  Id. at 82, 579 S.E.2d at 610-11.  
By
 contrast, equitable relief from a judgment is not available on the basis of
 intrinsic fraud.  Id. at 82, 579 S.E.2d at 610 (citing Bryan, 220
 S.C. at 168, 66 S.E.2d at 610).  Intrinsic fraud misleads a court in
 determining issues and induces the court to find for the party perpetrating the
 fraud.  Id. at 81, 579 S.E.2d at 610 (quoting Hilton Head Ctr.,
 294 S.C. at 11, 362 S.E.2d at 177).  Intrinsic fraud includes perjury by a
 party or a witness.  Id. at 81, 579 S.E.2d at 610.    
The
 family court did not err in declining to accept jurisdiction on the basis of
 Mothers alleged fraud.  Mothers misrepresentation of the date she and Child
 moved to California is, at worst, perjury by a party.  Perjury by a party is
 intrinsic fraud.  Because relief from judgment is not available for intrinsic
 fraud, the family court correctly declined to reconsider its decision.  Furthermore,
 the family court had discretion to waive jurisdiction even if Mother had
 admitted to moving in June rather than in February.  Mothers alleged fraud did
 not affect the outcome of the case.  Consequently, the family court did not err
 in declining jurisdiction despite Mothers alleged fraud.
CONCLUSION

We
 find the family court did not abuse its discretion in declining jurisdiction,
 regardless of Mothers alleged fraud in misrepresenting the date she and Child
 moved to California.  Accordingly, the order of the family court in this matter
 is 
AFFIRMED.  
SHORT
 and KONDUROS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] S.C. Code Ann. §§ 20-7-782 to -830 (repealed 2007).  
[3] If state and federal laws on child custody
 jurisdiction conflict, both South Carolina and California courts defer to the
 provisions of the federal Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.
 § 1738A (2000).  Clay v. Burckle, 369 S.C. 651, 656, 633 S.E.2d 173, 176
 (Ct. App. 2006); In re Marriage of Pedowitz, 179 Cal. App. 3d 992, 999
 (5th Dist. 1986).  We see no such conflict in this matter.  Consequently, we
 rely on state law to resolve the questions raised herein.
[4] The South Carolina UCCJAs definition of home state
 is substantially similar to the definitions in the PKPA and the California
 UCCJEA.  See 28 U.S.C. § 1738A(b)(4) (2000); Cal. Fam. Code § 3402(g) (West
 2008).
[5] Under certain circumstances, a California court may
 make an initial child custody determination concerning a child whose home state
 is elsewhere.  For example, a California court may accept jurisdiction if all
 other courts having jurisdiction have declined to exercise jurisdiction on the
 ground that a court of this state is the more appropriate forum to determine
 the custody of the child either because each other state is an inconvenient
 forum or because the party seeking California jurisdiction has engaged in
 unjustified conduct.  Cal. Fam. Code § 3421(a) (West 2008).