THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Steven R. Samonsky, Appellant,
 v.
 BellSouth Telecommunications, Inc. (n/k/a AT&T), Employer, BellSouth Telecommunications, Inc., Self-Insurer, Respondent.
 
 
 

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-163
Submitted April 1, 2011  Filed April 13, 2011 

AFFIRMED

 
 
 
 Steven R. Samonsky, pro se, of Aiken, for Appellant.
 Stephen L. Brown, F. Drake Rogers, III, and Catherine H. Chase, all of Charleston, for Respondent.
 
 
 

PER CURIAM:  Steven R. Samonsky appeals a circuit court order that affirmed a denial of temporary benefits and medical expenses by the Appellate
Panel of the Workers' Compensation Commission (the Appellate Panel).  The Appellate Panel adopted a single commissioner's holding that the evidence
Samonsky's hernias, vertigo, hearing loss, and tinnitus arose out of his employment at BellSouth Telecommunications, Inc. (BellSouth) was speculative.  We
affirm.[1]
I.  Samonsky's Injuries
Samonsky contends the circuit court erred in affirming the Appellate Panel's denial of temporary benefits and medical expenses for his claims for hearing
loss, tinnitus, vertigo, and hernias.  We disagree.
In a workers' compensation case, "[a]n appellate court can reverse or modify the [Appellate Panel]'s decision if it is affected by an error of law
or" not supported by "substantial evidence."  Pierre v. Seaside Farms, Inc., 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010). 
"Substantial evidence is . . . evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency
reached."  Tennant v. Beaufort Cnty. Sch. Dist., 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009).  "The burden is on the claimant to
prove such facts as will render the injury compensable, and such an award must not be based on surmise, conjecture or speculation."  Crosby v.
Wal-Mart Store, Inc., 330 S.C. 489, 496, 499 S.E.2d 253, 257 (Ct. App. 1998).  Moreover, "[t]he final determination of witness credibility and the
weight to be accorded evidence is reserved to the Appellate Panel."  Watt v. Piedmont Auto., 384 S.C. 203, 207, 681 S.E.2d 615, 617 (Ct. App.
2009)
"A claimant may recover workers' compensation benefits if he sustains an 'injury by accident arising out of and in the course of
employment.'"  Pierre, 386 S.C. at 541, 689 S.E.2d at 618 (quoting S.C. Code Ann. § 42-1-160(A) (Supp. 2010)).  To arise out of
employment, the injury must have a "causal connection" to the claimant's work. Ervin v. Richland Mem'l Hosp., 386 S.C. 245, 249, 687 S.E.2d
337, 339 (Ct. App. 2009) (citation omitted). 
Here, substantial evidence supports the Appellate Panel's finding the claims for vertigo, hearing loss, and tinnitus were speculative.  Samonsky's
doctor would not testify Samonsky's employment caused the vertigo, and the Appellate Panel found Samonsky's testimony was not credible.  Moreover, the
doctor's testimony that the hearing loss and tinnitus were caused by noise from the van Samonsky drove for BellSouth was based solely upon Samonsky's statements
to the doctor that the van was loud.  Most importantly, independent testing of the noise emitted by the van indicated the noise was at safe levels. 
Therefore, the Appellate Panel properly denied the claims for vertigo, hearing loss, and tinnitus.
Substantial evidence also supports the Appellate Panel's finding the hernia claims were speculative.  The Appellate Panel found Samonsky's testimony as
to the date and cause of his hernias was not credible, and the surgeon who treated the hernias sent a letter to Samonsky stating the surgeon was not qualified
to establish the cause of those injuries.  Accordingly, the Appellate Panel properly denied the hernia claims.
II.  Perjury, Fraud, and Fraud Upon the Court
Samonsky argues the circuit court erred in declining to set aside the Appellate Panel's decision because BellSouth, its witnesses, and its counsel committed
perjury, fraud, and fraud upon the court.  According to Samonsky, they concealed noise problems in the van he drove during the course of his employment to
prevent him from recovering for his vertigo, hearing loss, and tinnitus claims.  We disagree.
To set aside a judgment for fraud upon the court, the conduct alleged must constitute "extrinsic fraud" rather than "intrinsic
fraud."  Chewning v. Ford Motor Co., 354 S.C. 72, 80-81, 579 S.E.2d 605, 610 (2003).  "Extrinsic fraud is fraud that induces a person
not to present a case or deprives a person of the opportunity to be heard."  Id. at 81, 579 S.E.2d at 610 (internal quotation marks
omitted).  "Intrinsic fraud is fraud which was presented and considered in the trial.  It is fraud which misleads a court in determining issues
. . . ."  Id. (citation omitted).  "The subornation of perjury by an attorney and/or the intentional concealment of
documents by an attorney are actions which constitute extrinsic fraud."  Id. at 82, 579 S.E.2d at 610. 
Here, Samonsky's assertion of mere perjury and use of a fraudulent document is insufficient to set aside the Appellate Panel's decision because that conduct
constitutes intrinsic fraud.  See id. at 81 n.4, 579 S.E.2d at 610 n.4 (stating that without more, "perjury or use of a fraudulent
document" is merely intrinsic fraud) (citations omitted).  Moreover, Samonsky failed to introduce any evidence BellSouth's counsel knew or was
involved in any fraudulent or perjurious conduct relating to the van's noise problems.  Consequently, Samonsky failed to introduce evidence of extrinsic
fraud and fraud upon the court, and the Appellate Panel properly declined to set aside the single commissioner's decision. 
III.  Remaining Arguments
With regard to Samonsky's remaining arguments, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: Clark v. Aiken Cnty. Gov't,
366 S.C. 102, 108, 620 S.E.2d 99, 102 (Ct. App. 2005) ("An issue not raised in the application for review is not preserved for the full commission's
consideration."); Wigfall v. Tideland Utils., Inc., 354 S.C. 100, 103, 580 S.E.2d 100, 101 (2003) (holding an issue is not preserved for review when
"[t]he circuit court did not rule on the issue and [the claimant] failed to seek consideration of the issue pursuant to Rule 59, SCRCP"). 
AFFIRMED.
FEW, C.J., THOMAS and KONDUROS, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.