THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Evelina Brown Moses, Thomas P. Brown, Jr., and David L. Michel, as Guardian ad Litem for Rebecca Patricia Brown,
 v.
 Shirley Haile-Howard, as Personal Representative of the Estate of Mary P. Smith and as Personal Representative of the Estate of Lucinda Pringle, Maezell Mitchell Jefferson, as Personal Representative of the Estate of Annabelle Thornton, Shirrese B. Brockington, as Special Administrator of the Estate of Janine Gourdine, Arthur Smalls as Personal Representative of the Estate of Emma Smalls, and any known or unknown persons or entities claiming any interest in the Estates of Mary P. Smith, Lucinda Pringle, Annabelle Thornton, Janine Gourdine and Emma Smalls, Respondents.
 
 
 

Appeal From Charleston County
 Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2011-UP-386
 Submitted December 1, 2010  Filed August
9, 2011    

REVERSED AND REMANDED

 
 
 
 Jonathan S. Altman and Stephen M.
 Slotchiver, both of Charleston, for Appellants.
 Edward P. Guerard, Jr. and Charles S.
 Goldberg, both of Charleston, for Respondents.
 
 
 

PER CURIAM:  Lucinda
 Pringle (Decedent) passed away on October 11, 1989.  Decedent had five
 daughters:  Janine Gourdine; Annabell Thornton; Emma Smalls; Mary P. Smith; and
 Evelina Brown.  Evelina Brown predeceased her mother in 1987. Janine Gourdine
 filed a petition in the probate court indicating Decedent died with "no
 will" on May 5, 1999.  Subsequently, the probate court issued an order
 stating "the above captioned Case and/or Cause is closed and final
 discharge entered, with leave to restore upon good cause being shown . . .
 ."  On October 20, 2005, Evelina's children, Appellants Evelina Brown
 Moses, Thomas Brown, Jr., and Rebecca Patricia Brown, filed a petition for
 recovery of the improper distribution of Decedent's estate based upon the
 discovery of an allegedly fraudulently concealed will.  The probate court
 dismissed Appellants' petition, finding section 62-3-108 of the South Carolina
 Code (2009) operated as an absolute bar to Appellants' claims.  The circuit
 court affirmed.  We reverse and remand.[1]
1. As to Appellants'
 argument that the probate court and the circuit court erred in failing to
 reopen the estate, we first find the probate court's unappealed finding of good
 cause shown is the law of the case.  See Harris Teeter, Inc. v. Moore & Van Allen, PLLC, 390 S.C. 275, 282 n.5, 701 S.E.2d 742, 745 n.5
 (2010) (noting an unappealed ruling is the law of the case).  Further, Appellants
 have set forth allegations of extrinsic fraud, which constitute good cause to
 reopen the estate.  Decedent was predeceased by one of her five daughters,
 Evelina Brown, the mother of Appellants.  One by one, Decedent's other
 daughters lived their lives and passed away, until the last surviving daughter
 confessed to Evelina's children that she and her sisters had hidden the
 existence of the will in order to live out their lives on the property Decedent
 intended Appellants to inherit from her last will and testament.  Thus, the
 evidence supports the finding of the probate court that there is good cause to
 reopen the estate.  See Chewning v. Ford Motor Co., 354 S.C. 72,
 81, 579 S.E.2d 605, 610 (2003) (defining extrinsic fraud as "fraud that
 induces a person not to present a case or deprives a person of the opportunity
 to be heard").  Second, the Probate Code permits modification or vacation
 of an order for good cause shown.  See S.C. Code Ann. § 62-3-1008 (2009)[2] ("If other property of the estate is discovered after an estate has been
 settled and the personal representative discharged or for other good cause, the
 court upon petition of any interested person and upon notice as it directs may
 appoint the same or a successor personal representative to administer the
 subsequently opened estate."); see also S.C. Code Ann. § 62-3-413
 (2009) ("For good cause shown, an order in a formal testacy proceeding may
 be modified or vacated within the time allowed for appeal.").  Third, we
 interpret section 62-3-108 of the South Carolina Code (2009) to prevent the commencement of an action to probate an estate more than ten years after the decedent's
 death.  See S.C. Code Ann. § 62-3-108 ("No informal probate or
 appointment proceeding . . . may be commenced more than ten years after the
 decedent's death . . . ."); cf. Robinson v. Estate of Harris,
 388 S.C. 616, 622-25, 698 S.E.2d 214, 218-19 (2010) (finding section 15-67-90
 of the South Carolina Code (2005) is not an absolute bar where there are
 allegations of extrinsic fraud).  Because the law of the case is that
 Appellants have demonstrated good cause to reopen the estate and the
 administration of the estate was timely commenced pursuant to section 62-3-108,
 we reverse and remand to the probate court for further proceedings consistent
 with this opinion.
2. As to Appellants'
 argument that the probate court and circuit court erred in finding submission
 of the will was not timely where no order closing the estate had been issued, we
 disagree with Appellants' argument that the estate has not been closed because
 the court has not issued an order according to section 62-3-1001 of the South
 Carolina Code (2009).[3]  We construe the language of section 62-3-1001 as permissive and not
 mandatory.  See S.C. Code Ann. § 62-3-1001(c) (2009) ("[T]he court may enter an order or orders, on appropriate conditions, determining testacy,
 determining the persons entitled to distribution of the estate, and, as
 circumstances require, approving settlement and directing or approving
 distribution of the estate, terminating the appointment of the personal
 representative, and discharging the personal representative from further claim
 or demand of any interested person.") (emphasis added).  Nonetheless, we
 reverse and remand because Appellants have demonstrated good cause to reopen
 the estate.
3. As to Appellants'
 argument that the circuit court applied an incorrect standard of review, we
 find no error by the circuit court.  See In re Estate of Pallister, 363 S.C. 437, 447, 611 S.E.2d 250, 256 (2005)
 ("An action to contest a will is an action at law."); Neely v.
 Thomasson, 365 S.C. 345, 349-50, 618 S.E.2d 884, 886 (2005) ("When a
 probate court proceeding is an action at law, the circuit court and the
 appellate court may not disturb the probate court's findings of fact unless a
 review of the record discloses there is no evidence to support them."); Id. at 350, 618 S.E.2d at 886 ("Questions of law, however, may be decided with
 no particular deference to the lower court."); In re Campbell, 379
 S.C. 593, 599, 666 S.E.2d 908, 910-11 (2008) ("The interpretation of a
 statute is a question of law for the [c]ourt.").  
REVERSED AND REMANDED.
THOMAS, PIEPER, and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Section 62-3-1008 was amended effective June 7,
 2010.  See Act No. 244, 2010 S.C. Acts 1775.  The amendments did not
 substantively change the code section.  
[3] Section 62-3-1001 was also amended effective June 7,
 2010.  See Act No. 244, 2010 S.C. Acts 1774.  The amendments rewrote
 subsection (c) but did not substitute the permissive word "may."