In the Matter of an ANONYMOUS MEMBER OF THE BAR, Respondent.
(379 S. E. (2d) 723)

Supreme Court

May 16, 1989.

## ORDER

This is an attorney grievance matter. One of the allegations is that respondent violated Paragraph 20 of the Rule on Disciplinary Procedure by filing a motion to be relieved as counsel which revealed that the clients had filed a grievance against him. The Board of Commissioners on Grievances and Discipline (Board) has asked this Court to determine if this conduct violates Paragraph 20.

Under Paragraph 20, matters pending before the Board are confidential. This prohibits the respondent and all other parties connected with the matter from revealing the fact that a grievance has been filed.

When a grievance has been filed, the relationship between the attorney and client will have usually deteriorated to such a point that the attorney will find it necessary to withdraw from further representation. When it is necessary to obtain the permission of the tribunal to withdraw from representation and the client will not consent, the attorney will usually have to establish good cause for withdrawal.[1]

In most cases, the attorney can establish good cause by revealing the facts showing that there has been a breakdown of the attorney-client relationship without the necessity of revealing that a grievance has been filed. We recognize, however, that there may be cases where an attorney believes it is necessary to reveal that a grievance has been filed.

We have decided that Paragraph 20 should be amended to allow an attorney to reveal the existence of a grievance if he believes that it is necessary to establish good cause for withdrawal. Further, in light of our decision to make this amendment, we believe it is appropriate to dismiss the allegation that respondent violated Paragraph 20.

It is therefore ordered that, pursuant to Article V, Section 4 of the South Carolina Constitution, Paragraph 20 of the Rule on Disciplinary Procedure is amended by adding the following:

I. When it is necessary to obtain the permission of a tribunal to withdraw from representation, an attorney may reveal the fact that the client has filed a grievance to help establish good cause for withdrawal. If the motion to be relieved includes a reference to the grievance, the attorney shall serve a copy of the motion on the client, but shall give opposing counsel only notice of the motion, without revealing the existence of the grievance. The motion to be relieved shall be accompanied by a request that the records relating to the motion be sealed. The tribunal shall take steps to prevent the

---

[1] We emphasize that an attorney may not abandon his client because a grievance has been filed. Until he is relieved by the tribunal, he must continue to represent the client. Supreme Court Rule 32, DR 2-110(A)(1) and (2); EC 2-32.

disclosure of the existence of the grievance to any other person. After deciding the motion to be relieved, the tribunal shall insure that either the record on the motion is sealed or that all references to the grievance are deleted from any record available to the public. All members of the tribunal and staff who learn of the existence of the grievance shall not reveal that fact to any other person.

This change shall be effective immediately.

It is further ordered that the allegation that respondent violated Paragraph 20 is dismissed.

GREGORY, C. J., and HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.