THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ex Parte:
Van Osdell, Lester, Howe & Jordan, P.A., Respondent,
In Re: 
Brenda R. Babb, Appellant,
v.
Carey E. Graham, Southbridge, Cable Television, LLC. and Cable Plus of Carolina, Inc.,
Defendants.
 
 
 

Appeal From Horry County
 Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2006-UP-230
Submitted April 1, 2006  Filed April 25, 2006

AFFIRMED

 
 
 
Brenda R. Babb, of Calabash; for Appellant.
James B. Van Osdell and Cindy Graham Howe, of Myrtle Beach; for Respondent.
 
 
 

PER CURIAM:  Brenda R. Babb appeals a decision allowing Van Osdell, Lester, Howe & Jordan, P.A., (the Law Firm) to withdraw as her counsel.  We affirm.[1]
FACTS AND PROCEDURAL HISTORY
On November 4, 1999, Babb hired the Law Firm to represent her at a series of shareholders meetings in an effort to resolve differences between Babb and Carey E. Graham.  Babb and Graham were shareholders in Cable Plus of Carolina, Inc., and members of Southbridge Cable Television, LLC.  After the negotiation efforts failed, the Law Firm filed a shareholders derivative action on Babbs behalf on November 29, 2000, asserting causes of action for breach of fiduciary duty, misappropriation of corporate opportunity, and breach of contract.
Babb also hired the Law Firm to represent her in an unrelated action that had been transferred to Charleston County and scheduled for a bench trial.  Immediately before the bench trial, Babb rejected a settlement offer from the opposing party and the bench trial proceeded in March 2004.  
On May 24, 2004, the Law Firm moved to be relieved as Babbs counsel in the present lawsuit.  In the motion, attorney James B. Van Osdell stated representation of Babb had become unreasonably difficult either because Babbs objective in the litigation had changed from what he understood it to be when he agreed to represent her or because he no longer understood her objective.  Van Osdell further alleged it was unreasonably difficult to continue representing Babb because she was not in control of the case decisions even though she was the named plaintiff.  On the required motion cover sheet, the Law Firm requested a hearing and the presence of a court reporter.  While the motion was pending, the Law Firm continued to represent Babb zealously at depositions, motion hearings, and other matters in the underlying case.
The hearing was scheduled for July 29, 2004.  When Cynthia Graham Howe, another attorney in the Law Firm, appeared to argue the motion, she was advised that, at Babbs request, that the visiting judge assigned to the case would hear the matter in his chambers.  The attorney representing the opposing party in the underlying litigation consented to the motion and did not attend the hearing. 
When Babb arrived for the hearing, she presented copies to both Howe and the presiding judge of her memorandum in opposition to the Law Firms motion.[2]  In her memorandum, Babb argued that allowing counsel to withdraw would be extremely prejudicial and detrimental to her and requested legal fees paid in this case be refunded.
At the conclusion of the hearing, the trial court granted the motion and requested Howe to prepare a proposed order.  The presiding judge also instructed Howe to send a copy of the order to Babb when the order was delivered to him.
Babb timely moved for reconsideration of the order granting the Law Firms motion to be relieved as counsel.  On September 13, 2004, after the Law Firm filed an affidavit in opposition to Babbs motion and Babb responded to the affidavit, the trial court denied the motion without a hearing.  Babb received written entry of the order on September 15, 2004, and filed her notice of appeal on October 5, 2004.
LAW/ANALYSIS
1.  We disagree with Babbs argument that the trial court erred in granting the Law Firms motion to be relieved as her counsel.  
The South Carolina Rules of Professional Conduct permit a lawyer to withdraw from representing a client if good cause for withdrawal exists.[3]  [M]otions to withdraw [as counsel] must lie within the sound discretion of the trial judge.[4]
In granting the motion, the court found the Law Firm gave sufficient reasons for withdrawing from the case, namely that (1) Van Osdell was unable to represent Babb competently and zealously because he did not understand her litigation objectives; and (2) the problem was compounded because Babb was not solely in control of her case and the litigation objectives were not necessarily hers.  Van Osdells affidavit supports these findings.  Furthermore, Babb does not contest the finding in the appealed order that she conceded that she confers with her husband . . . on all decisions concerning this litigation.  Under these circumstances, we see no reason to disturb the trial courts decision to relieve the Law Firm as Babbs counsel.[5] 
2.  We decline to address Babbs argument that the trial court should have considered the prejudice to her resulting from the Law Firms withdrawal in view of the duration of the case and the money she had already spent on legal fees.  The appealed order did not include a ruling on this argument.  Although Babb moved for reconsideration, she did not raise this issue in her motion.[6]
3.  We find no merit to Babbs argument that the trial court erred in declining to hear oral argument on her motion for reconsideration.  Such motions may in the discretion of the court be determined on the briefs filed by the parties without oral argument.[7]
On appeal Babb argues the following reasons warranted oral argument on her motion:  (1) she did not receive a copy of the proposed order until after the trial court signed the final order relieving counsel; and (2) contrary to her understanding that the trial court would retain jurisdiction over the issue of legal fees in the underlying case, the order relieving counsel instructed the parties to consult the Fee Dispute Board for resolution of the matter.  
We disagree that these circumstances warranted oral argument on Babbs motion for reconsideration.  Regardless of any oral rulings by the trial court after hearing the Law Firms motion to be relieved as counsel, the court had the prerogative to alter its decision pending entry of the signed written order by the clerk of court.[8]  We therefore hold the trial court acted within its discretion in refusing to hear oral argument on Babbs motion.
 AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Babb states in her brief on appeal that her memorandum was filed July 21, 2004; however, the filing date appearing on the motion included in the record is July 19, 2004.  Moreover, Babb notes she prepared and offered her memorandum, thus suggesting it was available at the hearing on July 19, 2004.
[3]  Appellate Court Rule 407, Rules of Professional Conduct, Rule 1.16(b)(7); see also In re Anonymous Member of the Bar, 298 S.C. 239, 240, 379 S.E.2d 723, 723 (1989) (When it is necessary to obtain the permission of the tribunal to withdraw from representation and the client will not consent, the attorney will usually have to establish good cause for withdrawal.).
[4]  Lucas v. State, 352 S.C. 1, 7, 572 S.E.2d 274, 277 (2002) (quoting In re Goodwin, 279 S.C. 274, 276-77, 305 S.E.2d 578, 579 (1983)).
[5]  See 7A C.J.S. Attorney & Client § 268, at 297 (2004) (noting an attorney is usually justified in moving to withdraw from a case because of client conduct tend[ing] . . . to destroy the reciprocal confidence required between attorney and client).
[6]  See Noisette v. Ismail, 304 S.C. 56, 403 S.E.2d 122 (1991) (holding that, when the trial court does not explicitly rule on a question and the appellant fails to move under Rule 59(e), SCRCP, to alter or amend the judgment on that ground, the issue is not properly before the court of appeals and should not be addressed).
[7]  Rule 59(f), SCRCP.
[8]  See id. Rule 58(a) (A judgment is effective only when so set forth and entered in the record.); Ford v. State Ethics Commn, 344 S.C. 642, 646, 545 S.E.2d 821, 823 (2001) (Until written and entered, the trial judge retains discretion to change his mind and amend his oral ruling accordingly.).