## 1101

Joel Frederick EVANS, Appellant v. Jackie D. Evans GUNTER, Respondent.

(366 S. E. (2d) 44)

Court of Appeals

*Garry L. Wooten,* Columbia, *for appellant.*

*Edward A. Harter, Jr.,* of *Palmetto Legal Services,* Columbia, *for respondent.*

*Jack C. Hanna,* Columbia, *guardian ad litem.*

Heard Dec. 15, 1987.

Decided Feb. 29, 1988.

SHAW, Judge:

Appellant, Joel Fredrick Evans, brought an action against respondent, Jackie D. Evans Gunter, seeking to set aside a portion of the parties' divorce decree which ordered Evans to pay child support, claiming he was not the father of the child. From an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action, Evans appeals. We reverse and remand.

On September 23, 1984, Gunter was awarded a divorce from Evans in Richland County on the ground of one year continuous separation. The decree stated that of the marriage "one child, Jennifer Lauren Evans, was born." The decree then ordered Evans to pay Gunter $35.00 per week in child support. This order was not appealed.

On June 2, 1986, Gunter filed a contempt action in Richland County for Evans' failure to make child support payments. On the same day, Evans filed an answer and a notice and motion to stay the contempt proceedings on the ground an action was brought by Evans in Lexington County for relief from judgment under S.C.R.C.P. 60.

A hearing was held on June 9, 1986, and the family court judge ordered, among other things, the action filed by Evans be moved to Richland County and consolidated with Gunter's contempt action, a genetic blood test be performed to provide the court with further evidence of paternity should either party so demand, and further contempt proceedings for failure to pay child support be held in abeyance.

On July 31, 1986, Evans filed an amended complaint in Richland County. In that complaint, Evans made several allegations of fraud and deceit used by Gunter in obtaining the final decree of divorce. Evans claimed he was induced to sign an affidavit of acceptance waiving his right to "answer, demur or otherwise plead or make an appearance before the

court" in the divorce action by Gunter. He claims this was done when he was "sufficiently intoxicated to be reckless or incoherent about what he was signing" and this resulted in his not being notified of or present at the final hearing. Finally, Evans alleged Gunter knew yet failed to disclose that she believed Evans was definitely not the father of her infant child, Jennifer Lauren Evans, that she admitted by sworn testimony she had affairs during her marriage to Evans and she believed he was not the father of the child, and that Gunter led Evans to believe he was the father of the child. Evans further alleged that subsequent to his divorce from Gunter, he discovered a medical problem existed which his doctor opined made him unable to father a child throughout his life. Evans received this information in July of 1985, submitted to further testing in June of 1986[1] and commenced this action in July of 1986. Gunter moved to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. On November 24, 1986, the trial judge granted Gunter's motion.

The issue to be decided is whether the trial judge erred in dismissing the action for failure to state a cause of action upon which relief can be granted.

In the case of *Arnold v. Arnold*, 285 S. C. 296, 328 S. E. (2d) 924 (Ct. App. 1985) this court addressed a similar situation. There, the wife petitioned for a divorce and the husband counterclaimed, denying he was the father of the child, and requested the prior court order regarding custody and support be vacated on the basis of the wife's fraud as to paternity. The family court granted the wife's motion for summary judgment on the counterclaim finding the issue of paternity barred by res judicata and/or collateral estoppel. We reversed and remanded.[2]

Although *Arnold* involved a summary judgment dismissal, a motion for dismissal under Rule 12(b)(6) of the South Carolina Rules of Civil Procedure likewise may not be sus-

---

[1] A sperm analysis was performed at this time indicating Evans was infertile.

[2] The case of *Eichman v. Eichman*, 285 S. C. 378, 329 S. E. (2d) 764 (1985) involved a similar situation, but there were no allegations of fraud on the court. In fact, it appears the father knew the child may not have been his but failed to act on such information in hopes of a reconciliation with his wife.

tained under the facts of this case. Such a motion cannot be granted if facts alleged in the complaint and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case. *Brown v. Leverette*, 291 S. C. 364, 353 S. E. (2d) 697 (1987).

The doctrines of res judicata and collateral estoppel ■■ do not bar collateral attack of a judgment based on fraud. *Arnold,* supra. While the trial judge noted fraud could vitiate such a judgment, he found no such fraud was alleged. We disagree. The allegations of fraud on the part of Gunter are numerous, ranging from fraud in the inducement of Evans to sign a document giving up substantial rights to fraud in representing Evans was the father of the child. The complaint of a plaintiff "must be liberally construed in favor of the pleader and sustained if the facts alleged, and the inferences reasonably deducible therefrom, entitle plaintiffs to relief on *any theory* of the case, even though different from that on which they may have supposed themselves entitled to recover." (Emphasis added.) *Springfield v. Williams Plumbing Supply Co.,* 249 S. C. 130, 153 S. E. (2d) 184 (1967).

Gunter contends the allegations of Evans' complaint are insufficient to entitle Evans to relief under Rule 60(b) of the South Carolina Rules of Civil Procedure. We disagree.

Rule 60(b) provides, in part:

> ... On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, *or it is no longer equitable that the judgment should have prospective application.* (Emphasis added.)

Rule 60(b) provides the motion shall be made within a reasonable time and for subsections (1), (2) and (3) of the rule, not more than one year after the judgment was entered. Subsection (5) is notably not limited by the one year provision, but only that of a reasonable time. The rule further provides it "does not limit the power of a court to entertain an independent action to relieve a party from a

judgment, order or proceeding, or to set aside a judgment for fraud upon the court." Again, there is no specific time limit.

Fraud upon the court has been defined as "that species of fraud which does, or attempts to, subvert the integrity of the Court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." H. Lightsey, J. Flanagan, *South Carolina Civil Procedure*, 408 (2nd Ed. 1985).

Historically, the courts have made a distinction between intrinsic frauds and extrinsic fraud. Intrinsic fraud refers to fraud presented and considered in the judgment assailed, including perjury and forged documents presented at trial. *Id.* at 405. Extrinsic fraud refers to frauds which are collateral or external to the matter tried such as misleading acts which prevent the movant from presenting all of his case. *Id.* at 405. It is some intentional act or conduct by which the prevailing party has prevented the unsuccessful party from having a fair submission of the controversy. "Relief is granted for extrinsic but not intrinsic fraud on the theory that the latter deceptions should be discovered during the litigation itself, and to permit such relief undermines the stability of all judgments." *Id.* at 405.

If the allegations by Evans are true, he was denied the opportunity to present his case. While Gunter's alleged perjury would fall in the "intrinsic fraud" category, her actions in inducing Evans to sign such a waiver form, denying him his opportunity to be heard were such as could be considered extrinsic fraud under Rule 60(b). Further, Rule 60(b)(5) is based on the historical power of a court of equity to modify its decree in light of subsequent conditions. 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2863 (1973). H. Lightsey, J. Flanagan, *South Carolina Civil Procedure*, 407 (2nd Ed. 1985). The allegations make out a case such that it would no longer be equitable that the judgment have prospective application if the allegations are true.

Therefore, we hold under *Arnold* and Rule 60(b) the trial judge erred in dismissing the case.

Reversed and remanded.

BELL and CURETON, JJ., concur.

