THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Carolyn M. Lewis-Murray, Respondent,
v.
Perry L. Murray, Appellant.
 
 
 

Appeal From Berkeley County
 Wayne M. Creech, Family Court Judge

Unpublished Opinion No. 2005-UP-555
Heard October 5, 2005  Filed October 17, 2005

AFFIRMED

 
 
 
Susan Trout Kinard, of Mt. Pleasant; for Appellant.
John B. Williams, of Moncks Corner; for Respondent.
 
 
 

PER CURIAM:  Perry L. Murray (Husband) appeals the family courts order denying his motion to vacate the parties final decree of divorce and for a new trial.  We affirm.
FACTS
Husband and Carolyn M. Lewis-Murray (Wife) were married on October 19, 1997.  Prior to the marriage, Husband experienced health problems resulting from heart disease.  On October 22, 1997, Husband underwent heart surgery and was subsequently prescribed medication to treat this condition as well as depression.  Following his surgery, Husband moved into Wifes home in order to recover.  After several weeks, Husband moved out of Wifes home and into a garage apartment that was attached to a house that Husband was building.  The circumstances surrounding Husbands decision to move are disputed by the parties.  Husband claimed that Wife had no interest in caring for him and made his life intolerable.  In contrast, Wife asserted Husband had been unfaithful to her during the marriage.
As an apparent result of this marital discord, the parties entered into a separation and property settlement agreement (Agreement) on October 21, 1998.  Husband asserted he signed it under duress because Wife threatened him regarding his alleged extra-marital affair.  He further contended he was also under the influence of medication when he signed the Agreement.  Pursuant to the Agreement, the parties equitably divided the marital debts and property.  Significantly, Wife was granted the house that Husband claimed he built for his retirement and to provide for his extended family.  As part of the Agreement, Husband was permitted to reside in the garage apartment for six months after the parties executed the Agreement.  According to Husband, Wife and members of her family had at this point moved into the residence.
On February 8, 1999, Wife filed a summons and complaint, seeking a divorce on the ground of one years continuous separation and requesting the family court approve the Agreement and incorporate it into the final decree of divorce.  Although Husband contends he has no recollection of responding to Wifes pleadings, a pro se Answer was filed on February 19, 1999.
At the hearing before the family court on March 12, 1999, Wife was present and represented by counsel.  Husband, who later claimed he had no notice of the hearing, was not present nor did counsel represent him.  By order dated March 18, 1999, the family court granted Wife a divorce and approved the Agreement.  A written acknowledgment of service dated March 31, 1999, and filed April 7, 1999, indicated Husband received a copy of the family courts order. 
On May 5, 2003, Husband moved to have the divorce decree vacated and to be granted a new trial.  Although Husband generally moved for relief from judgment, he specifically claimed:  (1) he did not receive notice of the divorce hearing nor did he receive notice of the issuance of the final order; (2) he was mentally and physically incapacitated prior to and at the time of the hearing; (3) he signed the Agreement under duress; and (4) the family court approved the Agreement despite the courts failure to question him regarding whether the Agreement was fair and entered into voluntarily.  In support of his motion, Husband submitted an affidavit, a letter from a treating physician, and a memorandum of law.  Additionally, Husband explained he had delayed in filing the motion because he only recently became aware of the existence of the final divorce decree when he attempted to use a credit line that was secured by the house that he had built.
After Wife filed a return to the motion in which she disputed Husbands allegations, the family court held a hearing.  By order dated November 5, 2003, the family court denied Husbands motion, finding it was untimely given Husband had waited more than four years after the service of the Final Decree of Divorce before he . . . raised any issue as to the validity of the Decree.  However, despite this holding, the court noted that the absence of a receipt of notice of the final hearing and Husbands alleged competency issues may have served as a basis to challenge the decree of divorce.  Husband appeals.
DISCUSSION
Husband argues the family court erred in denying his motion to set aside the final divorce decree.  In support of this argument, Husband raises two grounds.  First, he claims the final order was procured through fraud given he was physically and mentally incapacitated prior to and at the time of the final hearing.  Secondly, he asserts the order was void because he was never served with Wifes summons and complaint or with the family courts final decree of divorce.  
Rule 60 of the South Carolina Rules of Civil Procedure governs this case.  Subsection (b), the pertinent provision, provides as follows:

 
 
 
 (b) 
 Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.  On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
 
 
 
  
 
 
 (1) 
 mistake, inadvertence, surprise, or excusable neglect;
 
 
 (2) 
 newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
 
 
 (3) 
 fraud, misrepresentation, or other misconduct of an adverse party;
 
 
 (4)  
 the judgment is void;
 
 
 (5)
 the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.
 
 
 
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.  A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.  This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

Rule 60(b), SCRCP.
A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief. Lanier v. Lanier, 364 S.C. 211, 215, 612 S.E.2d 456, 458 (Ct. App. 2005).  Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the trial court.  Raby Constr., L.L.P. v. Orr, 358 S.C. 10, 17, 594 S.E.2d 478, 482 (2004).  Therefore, our review is confined to determining whether the family court abused its discretion in granting or denying the motion.  Lanier, 364 S.C. at 216, 612 S.E.2d at 458.
As a threshold matter, we note neither Husband nor the court identified which subsections of Rule 60 formed the basis of the motion and the subsequent ruling.  Given this procedural posture, it is difficult to discern the exact grounds for the courts decision.  However, even assuming Husbands claims of intrinsic fraud and the invalidity of the order were meritorious,[1] we agree with the family court that any motion to set aside the final order was untimely under either the one-year Rule 60(b)(3) subsection or the (4) and (5) reasonable time subsections.  
Clearly, Husbands claim filed approximately four and a half years after the final order could only be conceivably argued under the reasonable time subsections (4) and (5).  Based on the specific facts of this case, we find the family court did not abuse its discretion in finding the motion was untimely, i.e., the delay could not be construed as reasonable. See Smith Cos. of Greenville v. Hayes, 311 S.C. 358, 359, 428 S.E.2d 900, 902 (Ct. App. 1993) (Under Rule 60(b)(4) and (5), the court may grant a party relief from judgment if the party makes a motion seeking relief within a reasonable time.).
Although Husband contends he did not receive notice of the final divorce decree, there is evidence in the record in the form of an acknowledgment of service that Husband received a copy of the final decree of divorce on March 31, 1999.  As to allegations that Husband was physically and mentally incapacitated for a period of time due to his health problems, we find no evidence in the record that these problems would have prevented him from filing a timely motion to be relieved from judgment.  Significantly, Husband retained his position as Chief Magistrate for Berkeley County despite his health problems.  Moreover, we cannot glean from the record that Husbands health problems extended far beyond the time period prior to and at the time of the divorce hearing.[2]  In fact, Husbands motion to set aside the judgment, which included his affidavit, does not address any time period after the decree was issued. See Perry v. Heirs at Law of Gadsden, 357 S.C. 42, 48, 590 S.E.2d 502, 505 (Ct. App. 2003)(citations omitted) ([A]lthough motions under Rule 60(b)(5) are not subject to the requirement that they be filed within one year of the judgment, they still must be filed within a reasonable time.  While we are reluctant to proclaim that four years is a per se unreasonable period of time, [defendant], who bore the burden of showing the propriety of his motion, has failed to proffer an argument as to why we should find the four-year delay is reasonable in this case.); McDaniel v. United States Fidelity & Guar. Co., 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996) (holding trial court properly denied partys motion to set aside judgment as void pursuant to Rule 60(b)(4), SCRCP where motion was not filed within a reasonable time given motion was filed after nearly four years and party participated in the settlement and received substantial benefits from it).
Finally, to the extent Husband argues the Agreement was procured and approved through extrinsic fraud, and thus infinitely extended his time to file a Rule 60(b) motion, we find this issue not properly before this court. See Raby Constr., L.L.P., 358 S.C. at 19, 594 S.E.2d at 483 (Extrinsic fraud is fraud that induces a person not to present a case or deprives a person of the opportunity to be heard. (quoting Chewning v. Ford Motor Co., 354 S.C. 72, 81, 579 S.E.2d 605, 610 (2003)); Chewning, 354 S.C. at 80, 579 S.E.2d at 609-10 (There is no statute of limitations when a party seeks to set aside a judgment due to fraud upon the court.).  
First, the family court did not make a determination whether extrinsic fraud was involved, but instead denied Husbands motion on the sole ground that it was untimely.  Secondly, Husband failed to file a motion to reconsider in order to obtain a specific ruling on the allegation of extrinsic fraud. See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.); Summer v. Carpenter, 328 S.C. 36, 43, 492 S.E.2d 55, 58 (1997) (stating where a trial court did not rule on issue at trial and party did not make a motion pursuant to Rule 59 of the South Carolina Rules of Civil Procedure, issue was not preserved for appellate review); see also Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (stating that when a trial court makes a general ruling on an issue, but a party does not make a motion to alter or amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on the argument, the appellate court cannot consider the argument on appeal). 
Based on the foregoing, the circuit courts denial of Husbands motion for relief from judgment is
 AFFIRMED.
GOOLSBY, BEATTY, and SHORT, JJ., concur.

[1]  Intrinsic fraud refers to fraud presented and considered in the judgment assailed, including perjury and forged documents presented at trial.  Evans v. Gunter, 294 S.C. 525, 529, 366 S.E.2d 44, 46 (Ct. App. 1988).  A void judgment is one that, from its inception, is a complete nullity and is without legal effect.  The definition of void under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction. Universal Benefits, Inc. v. McKinney, 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct. App. 2002)(citations omitted).
[2]  Husband does assert in his brief that his medical condition caused him to be unable to reason effectively or to defend himself throughout the period his domestic action was pending and for an extended period thereafter.  However, this assertion is not supported by any documentation and is vague at best.