647 S.E.2d 237

**Don Allyn RAY, Appellant,**

v.

**Melinda Hodges RAY, Respondent.**

No. 26343.

Supreme Court of South Carolina.

Heard Jan. 30, 2007.

Decided June 25, 2007.

80

Jean Perrin Derrick, of Lexington, for Appellant.

W. Joseph Isaacs, of Isaacs & Alley, of Columbia, for Respondent.

Justice BURNETT:

Don Allyn Ray (Appellant) brought this action to set aside the judgment of the family court pursuant to Rule 60(b), SCRCP. The family court granted Melinda Hodges Ray's (Respondent) motion to dismiss pursuant to Rule 12(b)(6), SCRCP. We reverse.

## *FACTUAL/PROCEDURAL BACKGROUND*

Appellant and Respondent were divorced in 2000. In 2001, the family court issued a decree approving the settlement reached by Appellant and Respondent concerning the equitable division of their marital estate. In 2005, Appellant initiated the instant action, alleging an action for fraud upon the court and an independent action in equity arising from Respondent's deliberate concealment of $130,000 until after the marital property had been divided.

Prior to the divorce, Respondent entered an agreement to sell a pharmacy she owned jointly with her husband. At the same time, Respondent entered into a separate agreement not to compete with CVS, the purchaser of the pharmacy, for which she received $130,000 in consideration. Respondent made arrangements with CVS to receive payment after the divorce was finalized. Further, she deliberately concealed the aforementioned agreement in response to discovery requests and during depositions.

The family court addressed the issue of whether Appellant's allegations against Respondent rose to the level of extrinsic fraud or were simply intrinsic fraud. Respondent argued that her acts constituted only intrinsic fraud, *res judicata* applied, Appellant failed to exercise due diligence in discovering the fraud, and the complaint failed to state facts sufficient to constitute a cause of action. Thereafter, Respondent filed a motion to dismiss pursuant to Rule 12(b)(6), SCRCP.

The family court, citing *Chewning v. Ford Motor Company,* 354 S.C. 72, 579 S.E.2d 605 (2003), held Appellant's allegations did not rise to the level of extrinsic fraud because there were no allegations of "extraordinary, collateral matters which would justify the relitigation of issues concluded by judicial decree years ago." The family court granted Respondent's motion to dismiss. This appeal followed.

## *ISSUE*

Does deliberate concealment of a marital asset constitute extrinsic fraud when the concealment is part of a deliberate scheme to defraud, involving an unknown third party not subject to discovery?

## STANDARD OF REVIEW

 In appeals from the family court, this Court has the authority to find facts in accordance with its view of the preponderance of the evidence. *E.D.M. v. T.A.M.*, 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992). However, this broad scope of review does not require this Court to disregard the findings of the family court who saw and heard the parties, and is in a better position to evaluate their credibility. *Stevenson v. Stevenson*, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981); *Cherry v. Thomasson*, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).

## LAW/ANALYSIS

 Appellant argues Respondent's deliberate concealment of $130,000 in proceeds generated from the sale of the couple's pharmacy constitutes extrinsic fraud based on this Court's opinion in *Chewning v. Ford Motor Company*, 354 S.C. 72, 579 S.E.2d 605. Appellant argues the family court erred in limiting extrinsic fraud, as defined in *Chewning*, to misconduct perpetrated by attorneys. We agree.

 In *Chewning*, we noted:

Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Id.* at 78, 579 S.E.2d at 608 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978)). Extrinsic fraud "induces a person not to present a case or deprives a person of the opportunity to be heard." *Id.* at 81, 579 S.E.2d at 610 (citing *Hilton Head Ctr. of South Carolina v. Public Serv. Comm'n*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)). On the other hand, intrinsic fraud "is fraud which was presented and considered in the trial" and which "misleads a court in determining issues and induces the court to find for the party perpetrating the fraud." *Id.* (citing *Hagy v. Pruitt*, 339 S.C. 425, 529 S.E.2d

714 (2000); *Hilton Head Ctr.*, 294 S.C. at 9, 362 S.E.2d at 176).

▮ The essential distinction between intrinsic and· extrinsic fraud is the ability to discover the fraud.[1] Equitable relief from a judgment "is granted for extrinsic fraud on the theory that because the fraud prevented a party from fully exhibiting and trying his case, there has never been a real contest before the court on the subject matter of the action." *Id.*; *see also Bryan v. Bryan*, 220 S.C. 164, 167–68, 66 S.E.2d 609, 610 (1951) ("[N]ot every fraud is sufficient to move a court of equity to grant relief from a judgment. Generally speaking, in order to secure equitable relief, it must appear that the fraud was extrinsic or collateral to the· question examined and determined in the action in which the judgment was rendered: intrinsic fraud is not sufficient for equitable relief."); *Bowman v. Bowman*, 357 S.C. 146, 152, 591 S.E.2d 654, 657 (Ct.App.2004) ("South Carolina's strong policy towards finality ·of judgments trumps a party's ability to set aside a judgment where, as here, the party could have discovered the evidence prior to trial."); *Mr. G. v. Mrs. G.*, 320 S.C. 305, 308, 465 S.E.2d 101, 103 (Ct.App.1995) ("Relief is granted for extrinsic but not intrinsic fraud on the theory that the latter deceptions should be discovered during the litigation itself, and to permit such relief undermines the stability of all judgments.").[2] Extrinsic fraud, as opposed to intrinsic fraud,

---

**1.** *See generally In re Marriage of Melton,* 28 Cal.App.4th 931, 33 Cal. Rptr.2d 761 (1994) (no extrinsic fraud found where husband misrepresented value of pension benefits with the assistance of the benefit plan administrator where the plan was a party to the action and wife's counsel could have discovered the concealed information through discovery); *Bankston v. Bankston,* 251 S.W.2d 768 (Tex.Civ.App.1952) (holding wife could not have judgment set aside on ground of fraudulent representations made to her concerning the market value of assets when wife was represented by able counsel and charged with the duty to make a full and careful investigation, yet neglected to exercise ordinary prudence and fully avail herself of the discovery process).

**2.** Furthermore, we take this opportunity to remind the Bar that parties must avail themselves of the discovery process and be attentive to the warning signs of fraud.

It is the policy of the courts not only to discourage fraud, but also to discourage negligence and inattention to one's own interests. Courts do not sit for the purpose of relieving parties who refuse to exercise reasonable diligence or discretion to protect their own interests. A

is often difficult, if not impossible to discover during the litigation. For example, concealing assets through an unknown third-party not subject to discovery is extrinsic fraud in that it constitutes conduct or activities outside of the court proceedings which deprive the other party of the opportunity to fully exhibit and try his case. 24 Am.Jur.2d Divorce and Separation § 435 (1998); *Chewning,* 354 S.C. at 81, 579 S.E.2d at 610.

In *Chewning,* we held "the subornation of perjury by an attorney and/or the intentional concealment of documents by an attorney are actions which constitute extrinsic fraud." *Id.* at 82, 579 S.E.2d at 610. However, our holding in *Chewning* does not limit the finding of extrinsic fraud to misconduct of an attorney or an officer of the court. As we noted in *Evans,* fraud upon the court has been defined as "that species of fraud which does, or attempts to, subvert the integrity of the Court itself, *or* is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Evans v. Gunter,* 294 S.C. 525, 529, 366 S.E.2d 44, 46 (1988) (quoting H. Lightsey, J. Flanagan, *South Carolina Civil Procedure,* 408 (2nd ed. 1985)) (emphasis added).

In *Evans,* the former husband brought an action for relief from judgment under Rule 60(b), SCRCP, when he discovered his former wife had induced him to sign an affidavit waiving his right to plead or appear for the divorce action when he was extremely intoxicated. We noted that while the former wife's perjury would fall in the intrinsic fraud category, "her actions in inducing Evans to sign such a waiver form, denying him his opportunity to be heard were such as could be considered extrinsic fraud under Rule 60(b)." *Id.* at 529, 366 S.E.2d at 47. The fraud in *Evans* was not solely perjury or concealing documents, acts which alone would constitute intrinsic fraud. *Evans* involved an act of intrinsic fraud accompanied by an

party must avail himself of the knowledge or means of knowledge open to him. The court will not protect the person who, with full opportunity to do so, will not protect himself.

*King v. Oxford,* 282 S.C. 307, 312, 318 S.E.2d 125, 128 (Ct.App.1984) (internal citations omitted).

intentional act or scheme to defraud or mislead the court, making the fraud rise to the level of extrinsic fraud.

 In the instant case, Respondent misrepresented the existence of the marital assets when ordered by the court to produce an accounting. This was intrinsic fraud. *See Chewning,* 354 S.C. at 81, 579 S.E.2d at 610 ("the failure to disclose to an adversary or court matters which would defeat one's own claim is intrinsic fraud") (quoting *Hilton Head Ctr.,* 294 S.C. at 11, 362 S.E.2d at 177). However, in this case, as in *Evans,* there was "a showing that one has acted with an intent to deceive or defraud the court." *Chewning,* 354 S.C. at 78, 579 S.E.2d at 608 ("it [is] essential that there be a showing of conscious wrongdoing—what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate."). In delaying the payment by CVS until after the divorce, Respondent engaged in "a deliberately planned and carefully executed scheme to defraud." *Id.* at 79, 579 S.E.2d at 609 (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). We hold an act of perjury or concealment of a document coupled with an intentional scheme to defraud the court justifies the setting aside of a judgment pursuant to Rule 60(b) due to extrinsic fraud. *See, e.g., Rozier,* 573 F.2d at 1338 ("In order to set aside a judgment or order because of fraud upon the court under Rule 60(b) ... it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.") (internal citations omitted); *Rathmell v. Morrison,* 732 S.W.2d 6 (Tex.App.1987) (holding a wrongful act coupled with misrepresentation of the value of companies in a property settlement agreement amounts to more than intrinsic fraud when former wife was prevented from having a fair opportunity to present evidence concerning the value of the companies); *cf. Perry v. Heirs at Law of Gadsden,* 357 S.C. 42, 590 S.E.2d 502 (Ct.App.2003) (holding there was no extrinsic fraud absent a finding of a fraudulent intent).

## *CONCLUSION*

Respondent's actions rose to the level of extrinsic fraud when she engaged in a fraudulent scheme to hide assets from

the court and, in doing so, utilized an unknown third party, CVS, not subject to discovery during the litigation. Accordingly, we reverse the family court's dismissal of this action and remand for further proceedings consistent with this opinion.

**REVERSED.**

TOAL, C.J., and MOORE, J., concur. PLEICONES, J., dissenting in a separate opinion in which WALLER, J., concurs.

Justice PLEICONES, dissenting:

I respectfully dissent. In my opinion, appellant's complaint alleges a classic instance of intrinsic fraud which the family court properly dismissed. I would affirm.

A party may bring a suit in equity to set aside a judgment at law allegedly procured by fraud as appellant has, or may move to set the judgment aside under Rule 60(b), SCRCP. While there are certain procedural differences depending on the form of the action, the legal principles are identical: relief is available where the earlier judgment was procured by extrinsic fraud, but a judgment obtained through the use of intrinsic fraud is not subject to collateral attack. The majority and I agree on this point, as we do on the basic definition of intrinsic fraud: a fraud that goes to the merits of the earlier action, that is, to an issue of which the party had both notice and an opportunity to litigate in that prior suit. *E.g.*, *Mr. G. v. Mrs. G.*, 320 S.C. 305, 465 S.E.2d 101 (Ct.App.1995).

Appellant alleges that respondent deliberately concealed a marital asset as part of a scheme to defraud appellant of his rightful share of the equitable division of marital property in the parties' divorce action. Appellant was undeniably aware that the identity and valuation of assets was at issue in that suit, and had the opportunity to litigate equitable distribution. Accordingly, appellant's present complaint alleges only intrinsic fraud. The policy reason underlying the bar to intrinsic fraud claims is predicated "on the theory that an issue which has been tried and passed upon in the original action should not be retried in an action for equitable relief against the judgment, and that otherwise litigation would be interminable...." *Bryan v. Bryan*, 220 S.C. 164, 168, 66 S.E.2d 609, 610

(1951) (internal citation omitted). The need for finality of judgments, as well as the potential for endless relitigation, is especially strong in family court matters.

In *Bryan*, the Court was asked the then-novel question whether perjury or false swearing could form the basis for an action to set aside a judgment. The Court acknowledged the validity of criticisms leveled at the intrinsic/extrinsic fraud distinction, but ultimately adopted that rule. In deciding to adopt this rule, the Court recognized that "the classic example of intrinsic as contrasted with extrinsic fraud is the commission of perjury by a witness. While perjury is a fraud upon the court [it is insufficient for attacking a judgment] because the materiality of the testimony and the opportunity to attack it, was open at the trial." *Bryan* at 268, 66 S.E.2d at 611 (internal citation omitted); *but see Chewning v. Ford Motor Co.*, 354 S.C. 72, 579 S.E.2d 605, fn. 2 (2003) (stating that perjury or false swearing is not a fraud upon the court).

The *Bryan* Court did, however, leave open the possibility that exceptional circumstances involving intrinsic fraud may justify equitable relief. To date, the only time an exception has been made is in *Chewning*, where the Court held the subornation of perjury by an attorney, or the intentional concealment of documents by an attorney, is a sufficient fraud upon the court to allow a collateral attack on a judgment. In *Chewning* we were careful to reiterate that perjury by a party or witness, such as the failure of a party to disclose to its adversary or to the court matter which would defeat that party's claim, or a party's failure to disclose requested documents, is intrinsic fraud which cannot support a collateral attack on the judgment. *Chewning* at 82–83, 579 S.E.2d at 610–611; *see also Raby Constr., LLP v. Orr,* 358 S.C. 10, 594 S.E.2d 478 (2004).

The fraud alleged by appellant here is classic intrinsic fraud. The majority's reliance on a federal case decided under Rule 60(b), FRCP,[3] and a Texas decision[4] is misplaced. In the federal case, the defendant's attorneys were responsible for

---

3. *Rozier v. Ford Motor Co.,* 573 F.2d 1332 (5th Cir.1978).

4. *Rathmell v. Morrison,* 732 S.W.2d 6 (Tex.App.1987).

the concealment of a document,[5] a *Chewning* situation. In the Texas case, the court concluded that the husband's threats to the wife which caused her to forego an appraisal was "not only some evidence of **extrinsic** fraud, but ... evidence ... sufficient to support a jury finding thereon." [6] Here, the alleged concealment of an asset by a party, even one which should have been disclosed pursuant to court ordered discovery, is not extrinsic fraud. *Chewning* at 82, 579 S.E.2d at 610–611.

The majority's attempt to limit its new rule to situations where a party's perjury or concealment is intended to defraud the court does nothing more than restate the current definition of intrinsic fraud. As the *Bryan* Court recognized, all perjury and all document concealment by a party is an attempt to defraud the court. Furthermore, a person does not commit perjury unless the false testimony is given "willfully." S.C.Code Ann. § 16–9–10 (2003). If we are to overrule *Bryan* and eliminate the distinction between intrinsic and extrinsic fraud, then we should acknowledge that we are doing so, not couch it as a "new" definition of extrinsic fraud. In my opinion, however, the strong policy reasons favoring the finality of judgments, especially in family court, militate strongly in favor of retaining the extrinsic/intrinsic fraud distinction. Finally, the majority holds that "an act of perjury or concealment of a document coupled with an intentional scheme to defraud the court justifies the setting aside of a judgment pursuant to Rule 60(b) due to extrinsic fraud." I simply note that the present case was brought as an independent action, not as a motion under Rule 60(b), SCRCP.

For the reasons given above, I would affirm the trial court's dismissal of this suit.

WALLER, J., concurs.

---

**5.** A month after stating in its written response to plaintiff's interrogatory that it could locate "no such report," "an in-house attorney for [defendant] involved in this case discovered [the report] but failed to disclose it or to amend its inaccurate response to [the] interrogatory...." *Rozier* at 1341–1342.

**6.** *Rathmell* at 14.