**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lenorl Gandy, Respondent,

v.

Chandra Gandy, Appellant.

Appellate Case No. 2020-001109

_____

Appeal From Greenville County
Thomas T. Hodges, Family Court Judge

_____

Unpublished Opinion No. 2022-UP-101
Submitted February 1, 2022 – Filed March 9, 2022

_____

**AFFIRMED**

_____

David Alan Wilson, of Wilson & Englebardt, LLC, of
Greenville, for Appellant.

J. Falkner Wilkes, of Greenville, for Respondent.

_____

**PER CURIAM:** Chandra Gandy (Wife) appeals a family court order denying her
motion for relief from a final divorce decree. On appeal, Wife argues the family
court erred by denying her motion for relief from the final divorce order pursuant
to Rules 60(b)(1), (3), (4), & (5), SCRCP. We affirm pursuant to Rule 220(b),
SCACR, and the following authorities:

1.  We hold the family court did not abuse its discretion by denying Wife's motion for relief from judgment under Rule 60(b)(1) because she failed to present a meritorious defense for her failure to attend the final divorce hearing.  *See Sanders v. Smith*, 431 S.C. 605, 611, 848 S.E.2d 604, 607 (Ct. App. 2020) ("The family court has discretion in deciding whether to grant or deny a motion made pursuant to Rule 60(b) and [an appellate court] review[s] such decisions using an abuse of discretion standard."); Rule 60(b)(1) ("On motion and upon such terms as are just, the [family] court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."); *Griffith v. Griffith*, 332 S.C. 630, 646-47, 506 S.E.2d 526, 535 (Ct. App. 1998) ("[W]hen an order from the family court is issued in violation of Rule 26(a), SCRFC, the appellate court 'may remand the matter to the [family] court or, whe[n] the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence.'" (quoting *Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991))); *Rouvet v. Rouvet*, 388 S.C. 301, 309, 696 S.E.2d 204, 208 (Ct. App. 2010) ("In determining whether to grant relief under Rule 60(b)(1), the court must consider the following factors: '(1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party.'" (quoting *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001))); *Goodson v. Am. Bankers Ins. Co.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988) ("[A] party has a duty to monitor the progress of his case.  Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney.").

2. As to Wife's arguments regarding Rules 60(b)(3) and 60(b)(4), we hold these arguments are not preserved for appellate review because she did not raise them to the family court.  *See King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 614 (Ct. App. 2009) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [family] court.").

3.  We hold the family court did not abuse its discretion by denying Wife's motion for relief from judgment under Rule 60(b)(5) because Wife failed to present evidence of conditions subsequent to the divorce order such that she should be entitled to alimony.  *See Sanders*, 431 S.C. at 611, 848 S.E.2d at 607 ("The family court has discretion in deciding whether to grant or deny a motion made pursuant to Rule 60(b) and we review such decisions using an abuse of discretion standard."); Rule 60(b)(5) ("On motion and upon such terms as are just, the [family] court may relieve a party . . . from a final judgment, order, or proceeding" if "it is no longer equitable that the judgment should have prospective

application."); *Bowers v. Bowers*, 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct. App. 1991) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle him to relief."); *Evans v. Gunter*, 294 S.C. 525, 529, 366 S.E.2d 44, 47 (Ct. App. 1988) ("Rule 60(b)(5) is based on the historical power of a court of equity to modify its decree in light of subsequent conditions.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.