**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000385
26-MAY-2026
07:46 AM
Dkt. 98 SO**

NO. CAAP-24-0000385

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PNC BANK, NATIONAL ASSOCIATION, Plaintiff-Appellee, v.
HERMA BARBARA MEDINA REYNA, Defendant-Appellant,
AND
WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE UNDER THE
GREENWICH INVESTORS XL PASS-THROUGH TRUST AGREEMENT
DATED AS OF MARCH 1, 2012, CAPSTONE FUNDING GROUP, INC.,
Defendants-Appellees,
AND
DOES 2 through 20, inclusive, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC151000224)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

This appeal stems from a foreclosure action brought by Plaintiff-Appellee PNC Bank, National Association (**PNC**) against self-represented Defendant-Appellant Herma Barbara Medina Reyna (**Reyna**) and others. Reyna appeals from the following judgments and orders entered by the Circuit Court of the Second Circuit (**Circuit Court**): (1) the July 20, 2017 *Judgment* (**Foreclosure Judgment**); (2) the December 4, 2017 *Order Denying . . . Reyna's Non-Hearing Motion for Reconsideration of the Order Granting . . . PNC['s] Motion for Summary Judgment* (**Order Denying Reconsideration**); (3) the May 1, 2024 *Order Denying [Reyna's] Various Motions Filed Under Dockets 332, 334, 336, and 340* (**Order Denying Various Motions for Reconsideration**); (4) the May 3, 2024

*Order Approving Commissioner's Report and Granting [PNC's] Motion for Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance and for Writ of Possession/Ejectments, Filed March 13, 2024* (**Confirmation Order**); (5) the May 3, 2024 *Judgment* (**Confirmation Judgment**); and (6) the May 3, 2024 *Writ of Possession*.[1]

PNC filed its complaint for foreclosure on April 29, 2015, and its amended complaint on May 18, 2016. On July 20, 2017, the Circuit Court entered an order granting PNC's motion for summary judgment and for interlocutory decree of foreclosure, as well as the Foreclosure Judgment in favor of PNC.

Reyna filed an untimely appeal from the Foreclosure Judgment and the Order Denying Reconsideration, which this court dismissed for lack of jurisdiction. See PNC Bank, N.A. v. Reyna, No. CAAP-18-0000022, 2018 WL 3062466, at *1 (Haw. App. June 21, 2018), recon. denied, 2018 WL 3408082 (July 13, 2018).

On December 11, 2023, the foreclosure auction was held, and PNC was the successful bidder. On March 13, 2024, PNC filed its motion for confirmation of the foreclosure sale and for writ of possession (**Confirmation Motion**). On March 24, 2024, Reyna filed a *Motion to Dismiss With Prejudice All Parties and Claims Due to the Expiration of Statute of Limitations* (**Post-Judgment Motion to Dismiss**).

On April 10, 2023, the Circuit Court heard the Confirmation Motion and the Post-Judgment Motion to Dismiss. Following oral argument, the Post-Judgment Motion to Dismiss was denied. The Confirmation Motion was then addressed, bidding was reopened, and Ken Smith (**Smith**) was the highest bidder. The Circuit Court confirmed the sale to Smith and granted PNC's requested relief.

Thereafter, Reyna filed four motions for reconsideration of the denial of the Post-Judgment Motion to Dismiss, seeking to void the foreclosure sale and "to dismiss

---

[1] The Honorable Joseph Cardoza entered the Foreclosure Judgment and the Order Denying Reconsideration. The Honorable Kelsey T. Kawano entered the Order Denying Various Motions for Reconsideration, the Confirmation Order, the Confirmation Judgment, and the Writ of Possession.

with prejudice the foreclosure action for breaching the statute of limitations."  The Circuit Court denied the four motions, as reflected in the Order Denying Various Motions for Reconsideration.

On May 3, 2024, the Circuit Court entered the *Order Denying . . . Reyna's [Post-Judgment Motion to Dismiss] Filed on March 24, 2024.*[2]  On the same date, the Circuit Court entered the Confirmation Order, the Confirmation Judgment, and the Writ of Possession.

On appeal, Reyna contends that the Circuit Court erred: (1) in failing to dismiss the case based on the expiration of the six-year statute of limitations in Hawaii Revised Statutes (**HRS**) § 657-1; (2) "in failing to understand the fraud upon the court that was initiated and carried out endlessly by [PNC] and their counsel"; and (3) "in depriving [Reyna] of their [Seven]th Amendment rights[.]"[3]  (Capitalization altered.)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Reyna's contentions as follows.

Reyna's appeal from the Foreclosure Judgment and the Order Denying Reconsideration are, once again, untimely.  See Reyna, 2018 WL 3062466, at *1; see also PNC Bank, Nat'l Ass'n v. Reyna, No. CAAP-20-0000012, 2020 WL 3270290, at *1 (Haw. App. June 21, 2018) (noting that "the circuit court's July 20, 2017 judgment on the decree of foreclosure was immediately appealable, but the thirty-day period under Rule 4(a)(1) of the Hawaiʻi Rules

---

[2]      Reyna did not appeal from this order and does not refer to it in her opening brief.

[3]      Reyna's opening brief fails to comply in numerous material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b).  For example, Reyna fails to state where in the record the Circuit Court's alleged errors occurred and how the matters were brought to the court's attention. Most notably, Reyna's argument is often difficult to discern and fails to provide citations to relevant parts of the record.  HRAP Rule 28(b)(7). Nevertheless, Hawaiʻi appellate courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'"  Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (quoting Morgan v. Plan. Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180–81, 86 P.3d 982, 989–90 (2004)). We thus address Reyna's arguments to the extent discernible.

of Appellate Procedure (**HRAP**) for asserting an appeal from that judgment has already expired").  This court lacks jurisdiction to review the Foreclosure Judgment and the Order Denying Reconsideration.

This court has jurisdiction to review the Order Denying Various Motions for Reconsideration, the Confirmation Order, the Confirmation Judgment, and the Writ of Possession, and we affirm each.

## The Order Denying Various Motions for Reconsideration

We review the denial of a motion for reconsideration for abuse of discretion.  See James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 162, 528 P.3d 222, 235 (2023) (citing Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002).

> As this court has often stated, "the purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Id. at 162, 528 P.3d at 235 (brackets omitted) (quoting Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000)).

Reyna's four motions for reconsideration were directed at the Circuit Court's denial of her earlier Post-Judgment Motion to Dismiss.  The earlier motion asked the Circuit Court to dismiss the action on the ground that "the [s]tatute of [l]imitations . . . began on April 29, 2015, as the Deficiency Default date was November 1, 2008[,]" and "[PNC] only had 6 years to begin the process of collection after setting the Default Deficiency Date under HRS . . . § 657-1 . . . ."  (Emphasis omitted.)  Following denial of the Post-Judgment Motion to Dismiss, the motions for reconsideration restated the same argument and included a "Declaration of the Laws" and a 2017 Summary Disposition Order on an unrelated appeal.

On appeal, Reyna does not argue that her four motions for reconsideration met the standard for such a motion, *i.e,* that she presented new evidence or arguments that could not have been

presented during the Post-Judgment Motion to Dismiss. And our review of the four motions does not reveal any new evidence or arguments that could not have been so presented. The Circuit Court did not abuse its discretion in denying the four motions.

In any event, Reyna's statute of limitations argument lacks merit. Because the complaint for foreclosure was filed on April 29, 2015, it was filed within the applicable 20-year statute of limitations. See Bank of New York Mellon, as Tr. for Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2006-11 v. White, 156 Hawaiʻi 246, 249, 573 P.3d 629, 632 (2025) (holding that "the statute of limitations for mortgage foreclosure actions is twenty years per HRS § 657-31").

**The Confirmation Order, the Confirmation Judgment, and the Writ of Possession**

"The lower court's authority to confirm a judicial sale is a matter of equitable discretion." U.S. Bank Tr., N.A. v. Ass'n of Apartment Owners of Waikoloa Hills, 150 Hawaiʻi 573, 581, 506 P.3d 869, 877 (App. 2022) (quoting Hoge v. Kane II, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (1983)). "Hence, the exercise of discretion by the lower court judge will not be disturbed on appeal except for abuse." Id. (brackets omitted) (quoting Indus. Mortg. Co., L.P. v. Smith, 94 Hawaiʻi 502, 510, 17 P.3d 851, 859 (App. 2001)). A writ of possession is likewise reviewed for abuse of discretion. See Ass'n of Apartment Owners of Kuhio Shores at Poipu v. Pac. Rim Prop. Serv. Corp., No. CAAP-19-0000778, 2024 WL 1656266, at *2 (Haw. App. Apr. 17, 2024).

Reyna does not directly challenge the Circuit Court's discretion in entering the Confirmation Order, the Confirmation Judgment, and the Writ of Possession. Rather, her points of error – that the foreclosure action was barred by the statute of limitations, there was fraud on the court, and she was denied a jury trial – appear to challenge the Foreclosure Judgment. As previously explained, we lack jurisdiction to review the Foreclosure Judgment and the Order Denying Reconsideration. In any event, like her statute-of-limitations argument, Reyna's fraud-on-the court and jury-trial arguments also lack merit.

5

In her opening brief, Reyna summarily asserts that there was "fraud upon the court," but fails to state the alleged error committed by the Circuit Court, where in the record the alleged error occurred, and how the matter was brought to the Circuit Court's attention. See HRAP Rule 28(b)(4). Moreover, Reyna wholly fails to identify any specific acts or evidence supporting her allegations. See HRAP Rule 28(b)(4), (7); Hawaiʻi Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) ("[T]his court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (quoting Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004))). Her general allegations fail to meet "the high threshold for a finding of fraud on the court[.]" James B. Nutter & Co., 153 Hawaiʻi at 167, 528 P.3d at 240; see id. (citing Ray v. Ray, 374 S.C. 79, 647 S.E.2d 237, 239 (2007), for the proposition that "[g]enerally speaking, only the most egregious misconduct . . . in which an attorney is implicated will constitute fraud on the court").

Reyna also asserts that the Circuit Court deprived her of her right to a jury trial, but, again, fails to state where in the record the alleged error occurred, and how the matter was brought to the Circuit Court's attention. See HRAP Rule 28(b)(4). No discernible argument supports her contention. See HRAP Rule 28(b)(7). It is deemed waived. Id.

Finally, Reyna repeatedly asserts, without stating a related point of error, that PNC violated "every single moratorium for their home since Covid 19 and CARES Act . . . ."[4/] The record reflects that the foreclosure commissioner was advised by PNC's counsel about the federal foreclosure moratorium and instructed not to proceed with the foreclosure on June 24, 2020. The foreclosure sale took place more than two years later on December 11, 2023. Reyna fails to identify any specific acts or

---

[4/]    Reyna appears to refer to the federal Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. § 9001 et seq., which provided a nationwide moratorium on foreclosure sales for certain homes with federally-backed mortgages. The federal moratorium expired on July 31, 2021. See U.S. Dept. of Hous. & Urban Dev., Mortgagee Letter 2021-19, https://www.hud.gov/sites/dfiles/OCHCO/documents/2021-19hsgml.pdf

evidence supporting her allegations that PNC violated the federal foreclosure moratorium or any other applicable moratorium.  See HRAP Rule 28(b)(4), (7).  Her argument is without merit.

For the reasons discussed above, we affirm the Order Denying Various Motions for Reconsideration, the Confirmation Order, the Confirmation Judgment, and the Writ of Possession. Reyna's appeal from the Foreclosure Judgment and the Order Denying Reconsideration is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, May 26, 2026.


On the briefs:

Herma Barbara Medina Reyna,
Self-represented Defendant-
Appellant.

Jade Lynne Ching and
David A. Nakashima
(Nakashima Ching LLC)
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge